Hazel M. GODSEY, Plaintiff-Appellant,

v.

Otis R. BOWEN, Secretary of Health and Human Services, Defendant-Appellee.

No. 86–2849.

United States Court of Appeals, Seventh Circuit.

Submitted July 30, 1987.

Decided Oct. 30, 1987.

Bruce A. Hewetson, Donovan Emery & Hewetson, Bedford, Ind., for plaintiff-appellant.

John Daniel Tinder, U.S. Atty., Indianapolis, Ind., Carolyn N. Small, Asst. U.S. Atty., Barbara A. Braznell, Asst. Reg. Counsel, Region V., Dept. of Health & Human Services, Chicago, Ill., for defendant-appellee.

Before WOOD, POSNER, and KANNE, Circuit Judges.

POSNER, Circuit Judge.

Hazel Godsey appeals from a decision by the district court upholding the denial by the Social Security Administration of her application for social security disability benefits and refusing to remand the case to the Administration to receive new evidence. We are affirming the decision in an unpublished order issued today, and are publish-

ing only our discussion of the standard for remand under 42 U.S.C. § 405(g). As amended in 1980, that statute authorizes a reviewing court to order "additional evidence to be taken before the Secretary [of Health and Human Services], but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." The previous statute authorized the court, at "any time, on good cause shown, [to] order additional evidence to be taken by the Secretary." The original wording was apparently thought to give the court too much discretion and to authorize remands simply "because the judge disagrees with the outcome of the case even though he would have to sustain it under the 'substantial evidence rule.'" S.Rep. No. 408, 96th Cong., 2d Sess. 58 (1979). The new wording is similar to that found in the statutes governing judicial review of orders under the Fair Labor Standards Act and the Occupational Safety and Health Act. See 29 U.S.C. §§ 210, 660.

The evidence in question here is medical evidence that Mrs. Godsey's condition (pancreatitis) had deteriorated by 1986, three years after the administrative hearing. Contrary to the government's submission, the requirement of good cause for a belated submission was satisfied; evidence of deterioration after the hearing could not have been submitted at the hearing. It is possible as the government argues that if the deterioration had occurred earlier the failure to submit the evidence of it earlier might have run afoul of the statutory language "good cause for the failure to incorporate such evidence" in the original proceeding. But that is not a question we need pursue, as it is plain that the evidence is not material and is therefore outside the statute.

The meaning of materiality gave rise to a pseudo-conflict among the circuits, with the Fourth and Tenth Circuits being said by several other circuits to require a showing similar to that required under Rule 60(b)(2) to vacate a judgment on the ground of newly discovered evidence. See, e.g., *Booz*

*v. Secretary of Health & Human Services*, 734 F.2d 1378, 1380–81 (9th Cir.1984); *Chaney v. Schweiker*, 659 F.2d 676, 679 n. 4 (5th Cir.1981). Under Rule 60(b)(2) as it has been interpreted, the new evidence must be "likely to change the outcome." *Mumford v. Bowen*, 814 F.2d 328, 330 (7th Cir.1986). The other circuits define "material" in section 405(g) differently, as whether "there is a reasonable possibility that it [the new evidence] would change the administrative result," e.g., *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir.1986). But as the Fourth Circuit noted recently in *Borders v. Heckler*, 777 F.2d 954, 956 (4th Cir.1985), the supposed conflict among circuits arose from an erroneous paraphrase by the Fifth Circuit in *Chaney* of the standard that had been laid down in an earlier Fourth Circuit decision, *King v. Califano*, 599 F.2d 597 (4th Cir.1979). And the Tenth Circuit decision cited in *Chaney* had merely quoted—correctly—language from that earlier Fourth Circuit decision that is entirely consistent with the "reasonable possibility" standard of *Caulder* and like cases. See *Cagle v. Califano*, 638 F.2d 219, 221 (10th Cir.1981) ("decision might reasonably have been different" if the new evidence had been before the Secretary, quoted from *King v. Califano, supra*, 599 F.2d at 599). There is no conflict among circuits, since the Tenth Circuit like the Fourth Circuit had always adhered to the "reasonable possibility" standard.

It would be a mistake to apply the strict standard used for motions under Rule 60(b)(2), where the movant is trying to upset a final judgment, to motions to remand under section 405(g). Collateral attacks on civil judgments that have become final are disfavored for obvious reasons which have only attenuated relevance where in the course of judicial review of an agency proceeding—the agency's decision not yet having become final—the reviewing court is asked to remand the case to the agency. The requirements of good cause and materiality give protection enough to the agency's (and the taxpayer's) interest in administrative finality, without our having to give "material" a special definition. Material is material; and the intercircuit pseudo-

conflict would never have arisen but for the judicial propensity to translate one irreducibly vague formulation into another.

■ The evidence here was immaterial to Mrs. Godsey's application, since the fact that her condition had deteriorated by 1986 does not show that in 1983 it was otherwise than found at the administrative hearing. The government concedes that by 1986 she may well have been disabled, but, as it points out, all this means is that she may be entitled to file a fresh application and obtain benefits from 1986 on—not, as she is seeking in this appeal, for a period beginning before 1983.

AFFIRMED.