**William PAIGE, Jr., Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

No. 87 C 9456.

United States District Court, N.D. Illinois, E.D.

Aug. 10, 1989.

Richard M. Wheelock, Legal Assistance Foundation of Chicago, Chicago, Ill., for plaintiff.

Frederick H. Branding, Asst. U.S. Atty., Donna Morros Weinstein and Gary A. Sultz, Chicago, Ill., for defendant.

## MEMORANDUM OPINION
## AND ORDER

SHADUR, District Judge.

William Paige, Jr. ("Paige") seeks an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) ("Section 2412(d)"). Secretary of Health and Human Services Louis Sullivan ("Secretary")[1] opposes such an award on the ground Paige was not a "prevailing party"—the EAJA standard.[2] For the reasons stated in this memorandum opinion and order, this Court rejects the all-or-nothing position taken by each litigant and orders a further submission by each.

### Factual Background

Paige initially filed this action in November 1987 to review Secretary's decision denying his November 1983 applications for Social Security disability insurance benefits and supplemental security income ("SSI"). On October 27, 1986 Administrative Law Judge ("ALJ") Robert Doyle had issued his recommendation that Paige be found disabled as of November 22, 1983, but the Appeals Council had rejected that recommendation and ruled Paige was not disabled.

This Court's September 22, 1988 memorandum opinion and order (695 F.Supp. 975 (N.D.Ill.1988)) found Secretary had erred in more than one respect and remanded the matter to Secretary for further proceedings. That led to a new ALJ hearing and, in turn, to a recommended decision (ultimately adopted by Secretary) that Paige be found disabled as of January 2, 1986. That decision gave rise to Paige's entitlement to SSI but not disability benefits after that date (Paige's ineligibility for disability benefits stemmed from his being no longer insured for such benefits as of January 1986).

### "Prevailing Party"

Both the litigants and this Court have the benefit of not one but two Supreme Court decisions during the last Term defining the concept of "prevailing party." That being the case, it is puzzling indeed that the facts here can have produced such opposing polarities of view on the part of Paige and Secretary. Only a brief recapitulation should be needed to mark out the correct path.

■ There is no disagreement that merely obtaining a remand does not itself confer prevailing party status on the social security applicant, though it may be a first step down the road to that result. Like most Courts of Appeals, our own has announced that rule (*Singleton v. Bowen*, 841 F.2d 710, 711-12 (7th Cir.1988)[3]—and the Supreme Court has now confirmed that proposition in *Sullivan v. Hudson*, — U.S. ——, 109 S.Ct. 2248, 2254-55, 104 L.Ed.2d 941 (1989).

■ Less than three months earlier the Supreme Court had confirmed in *Texas State Teachers Association v. Garland Independent School District*, — U.S. ——, 109 S.Ct. 1486, 1493, 103 L.Ed.2d 866 (1989) that the ticket of entry to "prevailing party" fee recovery under 42 U.S.C. § 1988 is no more than modest success on the merits:

> If the plaintiff has succeeded on "any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit" the plaintiff has crossed the threshold to a fee award of some kind. *Nadeau [v. Helgemoe]*, 581 F.2d [275], 278-79 [ (1st Cir.1978) ]. The floor in this regard is provided by our

1. Paige originally sued then Secretary Otis Bowen ("Bowen") in the underlying suit for benefits that ultimately gave rise to the current motion. As the result of Bowen's resignation and Sullivan's confirmation as his successor, Sullivan has automatically been substituted as defendant under Fed.R.Civ.P. ("Rule") 25(d)(1). Because the substitution has no substantive effect on the result, this opinion simply refers to "Secretary" throughout.

2. Secretary does *not* argue that fees should not be awarded because of either of the two exceptions specified in Section 2412(d)(1)(A), which mandates an award to a prevailing party "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." Given that concession, this opinion is called on to deal only with the "prevailing party" issue.

3. Like most District Judges, this Court had adhered to the same principle even before *Singleton* came down.

decision in *Hewitt v. Helms,* 482 U.S. 755, 107 S.Ct. 2672, 96 L.Ed.2d 654 (1987). As we noted there, "[r]espect for ordinary language requires that a plaintiff receive at least some relief on the merits of his claim before he can be said to prevail." *Id.,* at 760, 107 S.Ct., at 2675. Thus, at a minimum, to be considered a prevailing party within the meaning of § 1988 the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant. *Id.,* at 760–61, 107 S.Ct., at [2676]; *Rhodes v. Stewart,* 488 U.S. ——, ——, 109 S.Ct. 202, [204], 102 L.Ed.2d 1 (1988).

And *Sullivan,* 109 S.Ct. at 2255 has now made plain that the identical definition of the term "prevailing party" applies with equal force to social security cases where EAJA is in issue.

That being the case, Secretary is simply wrong in arguing against Paige's prevailing party status here. Until Paige sought review of the Appeals Council decision before this Court, Secretary had found him not disabled at all. At the end of the tortuous administrative and judicial roads he was compelled to travel, Paige was found disabled as of January 2, 1986—to be sure, that was not as of the November 1983 date of his original application, but it was plainly more than the "purely technical or *de minimis* success" that compels total disqualification under *Texas State Teachers,* 109 S.Ct. at 1486. Secretary's attempted reliance on the decision of this Court's colleague Honorable Charles Kocoras in *Tate v. Bowen,* No. 83 C 8786, slip op., 1988 WL 64137 (N.D.Ill. June 10, 1988) is unavailing, because Judge Kocoras was necessarily acting without the benefit of the later *Texas State Teachers* prescription of a low EAJA threshold.

But Paige is also wrong in contending that an affirmative answer to the "prevailing party" question is the end of the inquiry. *Texas State Teachers,* 109 S.Ct. at 1493 makes plain that "the degree of the plaintiff's overall success" is relevant to quantifying the recovery of fees under Section 1988, and the parallel drawn by *Sullivan v. Hudson* necessarily extends that qualification to social security cases as well. Secretary Mem. 4 n. 2 recognizes this Court's "equitable discretion to reduce plaintiff's award to reflect the fact that plaintiff had only limited success," but it does not provide any input as to how the amount should be calculated. Paige's reply does not even address that issue at all, contenting itself with a renewed discussion of the "prevailing party" issue alone.

### Conclusion

From the preceding discussion, it is clear that Paige is indeed a "prevailing party" for EAJA purposes. But it is equally clear that neither party has provided any guidance as to the proper award of fees to Paige in light of the *extent* to which he prevailed—the "degree of [his] overall success" as *Texas State Teachers* put it. Accordingly each litigant is ordered to file in this Court's chambers on or before August 24, 1989 a supplemental submission limited to that issue.[4]

---

**4.** Needless to say, if the parties can reach agreement on that score now that this Court has resolved the disputed "prevailing party" issue, everyone's interests would be better served than if more lawyering time had to be spent (perhaps enlarging the award by fees-on-fees). If discussions along those lines are undertaken, even telephonic advice to that effect to this Court's courtroom deputy will result in a minute order extending the time for further submissions.