**Lizzie WILLIAMS, Plaintiff,**

v.

**Louis SULLIVAN, Secretary of Health and Human Services, Defendant.**

**No. 86 C 6934.**

United States District Court, N.D. Illinois, E.D.

Aug. 16, 1989.

Eugene C. Edwards, Cook County Legal Assistance Foundation, Harvey, Ill., for plaintiff.

Gail C. Ginsberg, Asst. U.S. Atty., Donna Morros Weinstein, Gary A. Sultz, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Lizzie Williams ("Williams") seeks an award of $6,832.20 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) ("Section 2412(d)"), following an ultimate victory in her efforts to obtain disability and supplemental security income ("SSI") benefits. Secretary of Health and Human Services Louis Sullivan ("Secretary")[1] opposes that request because, he says, Williams is not a "prevailing party" in this action—the operative standard under EAJA. For the reasons stated in this memorandum opinion and order, Williams' petition for fees is denied.

### Background

This action was initially filed September 12, 1986 for a review of Secretary's determination that Williams was not disabled, as she had claimed in several successive applications for benefits (Secretary's decision to that effect was an affirmance of Administrative Law Judge ("ALJ") Dale McLaughlin's April 18, 1986 recommendation, based on his findings stemming from an October 24, 1985 hearing). This Court's July 9, 1987 memorandum opinion and order (the "Opinion," 664 F.Supp. 1200 (N.D.Ill.1987)) rejected Secretary's adverse determination because the ALJ had not adequately explained the reasons for his findings (so that "this Court has found it impossible to determine whether they are, in their entirety, contrary to law or based on substantial evidence" (*id.* at 1210)).[2] Consequently the

---

1. Williams originally sued then Secretary Otis Bowen ("Bowen") in the underlying suit for benefits that ultimately gave rise to the current motion. As the result of Bowen's resignation and Sullivan's confirmation as his successor, Sullivan has automatically been substituted as defendant under Fed.R.Civ.P. ("Rule") 25(d)(1). Because the substitution has no substantive effect on the result, this opinion simply refers to "Secretary" throughout.

2. Because of the result reached in this opinion, the details of Williams' various ailments are not material to the analysis. They are, however, outlined in the Opinion and in the ALJ's Recom-

case was remanded to Secretary for further consideration of Williams' claims.

After a supplemental hearing, ALJ Richard Palewicz issued a February 10, 1989 recommendation that Williams should be found to have become disabled as of November 26, 1986—but *not* as of the much earlier dates she had claimed in the earlier administrative proceeding and before this Court. In the course of his careful and extended review of Williams' entire extensive medical history, ALJ Palewicz said this (Recommended Decision at 12):

> Considering the assessments by treating doctors and the medical evidence up to 1986, the Administrative Law Judge sees no reason why the claimant could not have done light work. The issue of transferability of work skills is immaterial as Rules 202.17 and 202.13 would direct a finding of not disabled. Even if the claimant were limited to sedentary work, Rules 201.19, 201.20, 201.24 and 201.25 would direct the same finding. Considering the medical findings referred to above, e.g., normal electrocardiograms and chest x-rays, treating physicians' assessments, and a normal neurological workup, the Administrative Law Judge finds that for the period considered by the prior Administrative Law Judge, the claimant's testimony as to exertional limitations and pain is not supported by the medical record and is not credible. Considering the evidence before the prior Administrative Law Judge and new evidence submitted for the period prior to 1986, the Administrative Law Judge sees no reason to reopen the prior denial decision.

That led to these findings among others (*id.* at 13–15 (emphasis in original)):

> 4. The claimant's *current* complaints of severe pain and functional limitations are credible because they are supported by the medical findings and signs of record.

> 5. The claimant's testimony of severe pain and functional limitations dating back to 1981 is not credible because such testimony is not supported by medical findings and signs in the record.

> *  *  *  *  *  *

> 8. As of November 26, 1986, the claimant was unable to perform her past relevant work as a repairer of circuit boards.

> 9. Prior to November 26, 1986, the claimant had the residual functional capacity to perform the full range of simple and complex sedentary to light work.

> *  *  *  *  *  *

> 14. Section 404.1569 of Regulations No. 4 and section 416.969 of Regulations No. 16, and Rules 201.19, 201.20, 201.24 and 201.25, and 202.17 and 202.18, Tables No. 1 and 2, respectively, of Appendix 2, Subpart P, Regulations No. 4, direct a conclusion that, the claimant, considering her residual functional capacity, age, education and work experience, was not disabled prior to November 26, 1986.

> 15. Section 404.1569 of Regulations No. 4 and section 416.969 of Regulations No. 16, and section 201.00(h), Appendix 2, Subpart P, Regulations No. 4, direct that, considering the claimant's residual functional capacity, age, education, and work experience, she be found "disabled" commencing November 26, 1986.

> 16. The claimant has been under a "disability," as defined in the Social Security Act, since November 26, 1986, but not prior thereto (20 CFR 404.1520(f) and 416.929(f)).

When the Appeals Council adopted the ALJ's recommendation, that became Secretary's final decision.

### *"Prevailing Party"* [3]

Not one but two Supreme Court decisions during the last Term have given sub-

---

mended Decision referred to in the next paragraph of the text.

**3.** By coincidence, earlier this month this Court was called upon to deal with still another post-remand claim for an EAJA award of attorney's

fees in a social security-SSI case (*Paige v. Sullivan,* 717 F.Supp. 626 (N.D.Ill.1989)). This opinion has borrowed the initial portion of the *Paige* discussion of the "prevailing party" issue, although a quite different result was reached there. *Paige* and this case provide a useful

stantive content to the concept of "prevailing party." Consequently a brief review of those decisions is appropriate before this opinion turns to the proper application of that concept to this case.

■ There is no question that merely obtaining a remand does not itself confer prevailing party status on the social security applicant, though it may be a first step down the road to that result. Like most Courts of Appeals, our own has announced that rule (*Singleton v. Bowen*, 841 F.2d 710, 711–12 (7th Cir.1988)[4])—and the Supreme Court has now confirmed that proposition in *Sullivan v. Hudson*, —— U.S. ——, 109 S.Ct. 2248, 2254–55, 104 L.Ed.2d 941 (1989).

Less than three months earlier the Supreme Court had confirmed in *Texas State Teachers Association v. Garland Independent School District*, —— U.S. ——, 109 S.Ct. 1486, 1493, 103 L.Ed.2d 866 (1989) that the ticket of entry to "prevailing party" fee recovery under 42 U.S.C. § 1988 is no more than modest success on the merits:

> If the plaintiff has succeeded on "any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit" the plaintiff has crossed the threshold to a fee award of some kind. *Nadeau [v. Helgemoe]*, 581 F.2d [275], 278–79 [ (1st Cir.1978) ]. The floor in this regard is provided by our decision in *Hewitt v. Helms*, 482 U.S. 755, 107 S.Ct. 2672, 96 L.Ed.2d 654 (1987). As we noted there, "[r]espect for ordinary language requires that a plaintiff receive at least some relief on the merits of his claim before he can be said to prevail." *Id.*, at 760, 107 S.Ct., at 2675. Thus, at a minimum, to be considered a prevailing party within the meaning of § 1988 the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant. *Id.*, at 760–61, 107 S.Ct., at 2675–76; *Rhodes v. Stewart*, 488 U.S. ——, ——, 109 S.Ct. 202, 204, 102 L.Ed.2d 1 (1988).

And *Sullivan*, 109 S.Ct. at 2255 has now made plain that the identical definition of the term "prevailing party" applies with equal force to social security cases where EAJA is in issue.

Even though Williams is thus required only to surmount a low threshold, she has not done even that. Viewed as a way station toward the ultimate resolution of the merits of Secretary's initial decision rejecting Williams' claim of disability, her appeal to this Court from that decision—the entire subject matter of this civil action—was a failure and not a success. Williams would have fared at least as well, if not better, by (1) letting her initial application die rather than appealing its denial and (2) filing a fresh application instead (see *Godsey v. Bowen*, 832 F.2d 443, 445 (7th Cir.1987)). And it must be remembered that Section 2412(d)(1)(A) provides for the "award to a prevailing party other than the United States [of] fees and other expenses ... incurred by that party in any civil action ..., including proceedings for judicial review of agency actions." Surely the only sensible reading of that statute must be in terms of the party having prevailed *in the civil action*.

Under the circumstances here, this lawsuit cannot fairly be considered to have "played a 'provocative role' in securing" the result obtained by Williams post-remand (*Hendricks v. Bowen*, 847 F.2d 1255, 1258 (7th Cir.1988))—a result that actually upheld the ALJ's adverse decision that Williams had sought to have reversed by this Court—or to have been "causally linked to the achievement of the relief obtained" (*id.*, quoting from *Harrington v. DeVito*, 656 F.2d 264, 266 (7th Cir.1981)) or to have been "a 'catalyst' for the favorable disposition" (*id.*). Williams' situation is legally identical to that of the applicant in *Swedberg v. Bowen*, 804 F.2d 432 (8th Cir. 1986), and this Court finds the *Swedberg* denial of prevailing party status to such an

---

comparative study to demonstrate the meaning of the "prevailing party" concept.

**4.** Like most District Judges, this Court had adhered to the same principle even before *Singleton* came down.

applicant (*id.* at 434) wholly persuasive.[5]

■ Indeed, given the ultimate confirmation—which Williams has accepted—that she was *not* disabled as of the date at issue when she brought her case to this Court, it cannot fairly be said that the government's position in opposing her earlier applications for benefits "was not substantially justified." That being the case, Section 2412(d)(1)(A) would require the denial of Williams' fee petition even if she were found to be a prevailing party (as she is not).

### *Conclusion*

■ Williams was not a "prevailing party" in this litigation—and even had she qualified for that status, Secretary's opposition to her application that formed the very gravamen of this civil action was "substantially justified," as that term is used as a basis for denial of fees under EAJA. Williams' application for an award of fees is denied.[6]

---

5. Although *Swedberg* antedated the *Texas State Teachers* articulation of the prevailing party standard, the *Swedberg* analysis and result are unaffected by that articulation and remain entirely valid.

6. Because EAJA defines prevailing party status in terms of *this* litigation (this "civil action"), the statute does not confer any right to fees incurred in the successful administrative action that—as already stated—was really wholly independent of this lawsuit. No ruling is made either way in this opinion as to any other possible source of an award potentially available to Williams for that activity.