**Darrell G. TOLBERT, Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

**No. S90–0060–C.**

United States District Court,
E.D. Missouri,
Southeastern Division.

Aug. 9, 1991.

John W. Grimm, J. Michael Payne, Limbaugh & Payne, Cape Girardeau, Mo., for plaintiff.

Wesley D. Wedemeyer, Asst. U.S. Atty., St. Louis, Mo., for defendant.

MEMORANDUM

CAHILL, District Judge.

This matter comes before the Court on plaintiff's motion for summary judgment, or alternatively to remand, and on defendant's motion for summary judgment.

Plaintiff Tolbert fell 15 feet from a crane and sustained multiple injuries, including a serious fracture of a leg and of certain bones in the ankle or foot. Tolbert applied for benefits pursuant to Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.*, on January 10, 1989. The Secretary denied Tolbert's application initially and on reconsideration. Following a hearing, an admin-

istrative law judge (ALJ) denied Tolbert's claim on November 16, 1989. The Appeals Council denied review and the ALJ's decision became the final decision of the Secretary.

At the administrative hearing plaintiff testified that, his injuries notwithstanding, he was able to drive, walk a quarter of a mile, stand for a quarter of an hour without pain, lift 50 pounds, and sit for an hour without shifting. These abilities are consistent with the demands of sedentary work. Tolbert further testified that the pain was localized to the places of the fractures, was not too bad, and could be relieved by shifting into a different position. He also testified that further surgery would be required to remove pins and to graft bone marrow to his right leg. Applying Rules 201.27, 201.28, and 201.29, Table No. 1 of Appendix 2, Subpart P, Regulations No. 4 of the Medical–Vocational Guidelines, the ALJ concluded that plaintiff had the residual functional capacity to perform the full range of sedentary work and, accordingly, was not disabled. As the United States Magistrate explains in his Report and Recommendation, the ALJ's application of the Medical–Vocational Guidelines was proper and the finding of no disability is supported by substantial evidence. As such, the ALJ's decision is sufficient to withstand review in this Court, *Brand v. Secretary of Health, Education and Welfare*, 623 F.2d 523, 527 (8th Cir. 1980), and will not be unsettled.

However, Tolbert's request to remand to consider additional evidence must still be considered. Such requests are governed by the standards set forth in 42 U.S.C. § 405(g) which require:

> [a] showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in the prior proceeding.

These standards are satisfied if (1) there is new noncumulative evidence, (2) the evidence is relevant and probative, creating a reasonable probability that it would change the administrative result, and (3) there is good cause for failure to submit the evidence at the administrative level. *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir.1986); *Godsey v. Bowen*, 832 F.2d 443, 444 (7th Cir.1987); *Borders v. Heckler*, 777 F.2d 954, 955 (4th Cir.1985); *Booz v. Secretary of Health & Human Services*, 734 F.2d 1378, 1380–81 (9th Cir.1984).

The new evidence which Tolbert offers is a letter from his doctor stating that he is unable to be "gainfully employed at this time." The magistrate found that the doctor's letter is deficient in that it is not supported by objective evidence, namely recent diagnostic tests, and that the doctor's opinion is inconsistent with Tolbert's own testimony of his subjective complaints of pain and his functional capacities. Accordingly, the magistrate recommended that the motion to remand be denied.

Tolbert objected to this recommendation alleging that objective evidence in support of the doctor's opinion is available. Whereupon, this Court granted leave to file such evidence. An examination of this evidence reveals that it merely reiterates the plaintiff's previously established injuries and condition. It is cumulative and therefore does not warrant remand.

Accordingly, plaintiff's motion for summary judgment, or alternatively to remand, will be denied and defendant's motion for summary judgment will be granted.