Morton MILLS, Plaintiff,

v.

Louis W. SULLIVAN, Secretary of Health and Human Services, Defendant.

No. 91–4014–CV–C–5.

United States District Court, W.D. Missouri, C.D.

Jan. 28, 1992.

Timothy C. Harlan, Harlan, Harlan, Still & Bill, Columbia, Mo., for plaintiff.

Gay L. Tedder, U.S. Attorney's Office, Kansas City, Mo., for defendant.

## ORDER

SCOTT O. WRIGHT, Senior District Judge.

Before the Court is Plaintiff Morton Mills' application for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Defendant opposes the application on the grounds that plaintiff is not a prevailing party. Defendant does not address whether his position was substantially justified. Based upon the following discussion, the Court grants plaintiff's application for EAJA fees.

Plaintiff requests attorney fees in the amount of eight hundred eighty-one dollars and fifty-one cents ($881.51). In support, plaintiff submits an expert's affidavit stating that an hourly fee of one hundred six dollars and eighty-five cents ($106.85) is reasonable, based upon the consumer price index. Plaintiff's counsel submits a brief, but itemized listing of the eight and one-fourth hours he spent litigating plaintiff's case and the one hundred sixty-three dollars and seven cents ($163.07) incurred in expenses.

The Court previously reversed the administrative decisions and remanded this case to the Secretary on November 15, 1991, pursuant to Sentence 4 of 42 U.S.C.A. § 405(g). Remand was necessary because the Secretary failed to fully and fairly develop the record and improperly presumed treatment was available. Further, substantial evidence did not support the Secretary's evaluation of plaintiff's subjective complaints. *See Polaski v. Heckler,* 739 F.2d 1320 (8th Cir.1984). The time for appeal has passed and the Court may now consider plaintiff's application for attorney fees.

■ Under the EAJA, the prevailing party may obtain attorney's fees in an action brought against the United States for judicial review of an agency's action, unless the United States' position was substantially justified. 28 U.S.C. § 2412(d). The Secretary contends that EAJA fees are inappropriate because remand under Sentence 4 does not make plaintiff a prevailing party as required by the language of the EAJA.

It is true that the law of this Circuit indicates that a party does not achieve prevailing status by remand alone. *See Swedberg v. Bowen,* 804 F.2d 432, 434 (8th Cir. 1986). However, defendant has cited only "prevailing party" cases that predate the Supreme Court's recent holding in *Melkonyan v. Sullivan,* —— U.S. ——, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991).

As defendant points out, before *Melkonyan,* the Supreme Court stated that generally a Social Security claimant would not achieve prevailing party status "merely because a court had remanded the action to the agency for further proceedings." *Sullivan v. Hudson,* 490 U.S. 877, 109 S.Ct. 2248, 2255, 104 L.Ed.2d 941 (1989) (citation omitted). However, this holding in *Hudson* was based on the fact that the district court retained jurisdiction "for judicial review until the administrative proceedings on remand [were] complete." *Id. Melkonyan* expressly limits *Hudson* and implicitly overrules the precept on which the *Hudson* court defined "prevailing party." *Melkonyan,* 111 S.Ct. at 2162. Thus, defendant's reliance on *Hudson* in this regard is misplaced. In *Melkonyan,* the Court ruled that a court's jurisdiction terminates when a case is remanded pursuant to Sentence 4 of Section 405(g), and then the EAJA filing time commences after the time for appeal. *Id.* at 2162–63. The Eighth Circuit has recognized that *Melkonyan* overturned the previous practice in this Circuit to retain jurisdiction of Social Security cases during remand. *Welter v. Sullivan,* 941 F.2d 674 (8th Cir.1991).

■ The previous Supreme Court and Eighth Circuit decisions on prevailing party status in a remand situation must be considered in light of the *Melkonyan* decision. This Court concludes that a party who obtains remand can constitute a prevailing party where remand was part of the relief sought or where remand follows reversal of the Secretary's decision. This conclusion is logical because, frequently, remand

is the only relief available through the courts, based upon 42 U.S.C.A. § 405(g).

The EAJA provides a short time period for the plaintiff to apply for attorney's fees. In accordance with administrative procedures, the Secretary will nearly always take longer to decide a case on remand than the time provided for EAJA filing. Therefore, it is incongruent and it contradicts the purpose of the EAJA to require plaintiff to file within the EAJA time period, but then deny EAJA benefits because the Secretary has not yet determined whether plaintiff is a prevailing party. The Supreme Court's *Melkonyan* decision must be read rationally and consistently with the terms of the EAJA. This Court thus concludes that plaintiff is a prevailing party under the terms of the EAJA; he obtained a reversal of the Secretary's decision and he obtained a Sentence 4 remand so that the Secretary could properly evaluate his claims. An award of attorney fees and costs are appropriate.

The Secretary is aware that the EAJA requires that he prove his position justified or the Court must award fees and expenses. The Secretary fails to address this issue. The Court concludes from the record that EAJA fees are appropriate and that the Secretary has failed to meet his burden to show his position was substantially justified.

It is hereby

ORDERED that plaintiff's application for EAJA fees is granted, pursuant to 28 U.S.C. § 2412(d). Plaintiff, as the prevailing party in this action, is awarded one thousand forty-four dollars and fifty-eight cents ($1,044.58) in attorney fees and costs.