25 F.3d 1055
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Helen M. ARCHIBEQUE, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 93-2262.
 United States Court of Appeals, Tenth Circuit.
 May 2, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before BALDOCK and McKAY, Circuit Judges, and BROWN,** District Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff Helen M. Archibeque appeals from an order of the district court affirming the Secretary's decision to deny plaintiff social security benefits. We affirm.
 
 
 4
 Plaintiff alleged disability due to diabetes, carpal tunnel syndrome, arthritis, and possibly a mental impairment. The administrative law judge (ALJ) denied benefits at step two, see Williams v. Bowen, 844 F.2d 748, 750 (10th Cir.1988), holding that plaintiff had not met her burden of proving she suffered from a severe impairment.
 
 
 5
 We review the Secretary's decision to determine whether her factual findings are supported by substantial evidence in the record viewed as a whole and whether she applied the correct legal standards. See Andrade v. Secretary of Health & Human Servs., 985 F.2d 1045, 1047 (10th Cir.1993). Substantial evidence is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). We do not reweigh the evidence. Hamilton v. Secretary of Health & Human Servs., 961 F.2d 1495, 1498 (10th Cir.1992). Further, credibility determinations are the province of the ALJ. Williams, 844 F.2d at 755.
 
 
 6
 Plaintiff asserts she met her burden at step two. She argues she has a severe impairment because of problems with her hands with resulting pain and because of limitations on her ability to walk. Plaintiff notes her treating physician's statement that "[p]ain will prevent [plaintiff] from continuing" her prior job of assembling electronics. R. Vol. 1, tab 3 at 6.
 
 
 7
 To meet her burden at step two, plaintiff must show she suffers from an impairment that significantly limits her "physical or mental ability to do basic work activities." 20 C.F.R. 404.1521(a). At this stage, plaintiff's age, education, and work experience are not considered. See id. 416.920(c). If plaintiff cannot show she has a medically severe impairment, she is not eligible for disability benefits. Bowen v. Yuckert, 482 U.S. 137, 148 (1987); see also Williams, 844 F.2d at 750-51 (describing step two requirements).
 
 
 8
 The medical evidence does not support plaintiff's claims. An x-ray in 1989 showed plaintiff had some osteoporosis in her right hand. In 1990, plaintiff had surgery to relieve a tendon problem in her hand. In 1990, she was diagnosed with possible bursitis in her right shoulder. No physician opined that these ailments in any way caused any impairment. Plaintiff's diabetes is under control, and testing failed to reveal any heart problem. The only evidence of any mental disability occurred in 1981 when plaintiff's endocrinologist noted that plaintiff had had "an acute emotional break at work" and would benefit from a transfer to a less stressful work position. R. Vol. I, tab, 3 at 125. The record contains no evidence that plaintiff ever received any treatment for this problem.
 
 
 9
 Plaintiff testified to pain in her shoulder, right hand, and palm such that she cannot open her hand, make a fist, hold objects, or lift with her right hand. She also testified to problems with walking and keeping her balance. The ALJ supported his determination that plaintiff's testimony was not credible noting both the medical evidence and exaggerations in plaintiff's written statements.
 
 
 10
 Plaintiff's job of assembling electronics apparently involved hand work. If a claimant is unable to do his or her past work because of the unique features of that work, denial of benefits at step two is inappropriate. McDonald v. Secretary of Health & Human Servs., 795 F.2d 1118, 1125 and n. 6 (1st Cir.1986).
 
 
 11
 The only evidence that plaintiff could not work at a job involving hand manipulation is her treating physician's statement that pain would prevent plaintiff from returning to her previous job. However, that statement is dated almost eight months after the ALJ's decision was issued and does not relate to the time period for which benefits were denied. See Hargis v. Sullivan, 945 F.2d 1482, 1493 (10th Cir.1991). At best, this evidence shows plaintiff's condition has deteriorated since the time of the administrative hearing. See Godsey v. Bowen, 832 F.2d 443, 444-45 (7th Cir.1987). If so, plaintiff may file a new application seeking benefits from the date of disability forward. Id. at 445.
 
 
 12
 The ALJ's determination is supported by substantial evidence in the record. The judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation