16 F.3d 416
 Unempl.Ins.Rep. CCH (P) 17692A
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ricky HENDERSON, Plaintiff-Appellant,
v.
DEPARTMENT OF HEALTH AND HUMAN SERVICES, Donna Shalala,
Secretary, Defendant-Appellee.
 
 1
 No. 93-6264.
 
 
 2
 United States Court of Appeals, Tenth Circuit.
 
 
 3
 Jan. 24, 1994.
 
 ORDER AND JUDGMENT[1]
 
 4
 Before TACHA and BRORBY, Circuit Judges, and BROWN,** Senior District Judge.
 
 
 5
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 6
 Plaintiff Ricky Henderson appeals from an order of the district court affirming the Secretary's decision to deny social security benefits and declining to consider new evidence submitted by plaintiff. We affirm.
 
 
 7
 We review the Secretary's decision to determine whether her factual findings are supported by substantial evidence in the record viewed as a whole and whether she applied the correct legal standard. See Andrade v. Secretary of Health & Human Servs., 985 F.2d 1045, 1047 (10th Cir.1993). Substantial evidence is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). We do not reweigh the evidence. Hamilton v. Secretary of Health & Human Servs., 961 F.2d 1495, 1498 (10th Cir.1992). Further, credibility determinations are the province of the administrative law judge (ALJ). Williams v. Bowen, 844 F.2d 748, 755 (10th Cir.1988).
 
 
 8
 Plaintiff claimed disability due to sequelae from numerous motorcycle accidents. These sequelae include a shortened leg resulting in a limp, a decreased range of motion in his left wrist, and mild organic brain syndrome. The ALJ found plaintiff's reported limitations and pain not credible based on his demonstrated ability to remember details and his reported daily activities. Plaintiff's pain was relieved by pain medication. The ALJ also noted a letter from plaintiff's last employer stating that plaintiff performed satisfactorily, but quit the job voluntarily because he wanted to collect social security benefits which he could not do while employed.
 
 
 9
 Our review of the record shows substantial evidence to support the ALJ's determination. While the vocational expert did equivocate as to plaintiff's ability to do the identified jobs, he did so only after being told to give full credibility to plaintiff's testimony. The vocational expert then stated he would try plaintiff in a job before he would say plaintiff could not work. The ALJ gave ample reasons, supported by the record, for not fully crediting plaintiff's testimony and, therefore, did not err in concluding plaintiff could perform the jobs identified.
 
 
 10
 On appeal to the district court and to this court, plaintiff submitted new evidence regarding his disability. Plaintiff requests a remand so the ALJ may consider this evidence. We review the district court's decision on a motion to remand for abuse of discretion. See Wainwright v. Secretary of Health & Human Servs., 939 F.2d 680, 682 (9th Cir.1991).
 
 
 11
 To order a remand, the court must find not only that the new evidence is material, but also that plaintiff demonstrated good cause for his failure to incorporate the evidence into the record before the agency. See 42 U.S.C. 405(g). Further, the evidence must relate to the time period for which the benefits were denied. Hargis v. Sullivan, 945 F.2d 1482, 1493 (10th Cir.1991).
 
 
 12
 Plaintiff's new evidence concerns his condition after he had appealed to the district court. None of the reports link plaintiff's current condition to his condition at the time his application was before the agency at which time only one psychiatrist opined that plaintiff was unemployable. The evidence shows, at best, that plaintiff's condition has deteriorated.
 
 
 13
 Evidence of deterioration does not establish that plaintiff was disabled at the time of the administrative hearing. See Godsey v. Bowen, 832 F.2d 443, 445 (7th Cir.1987); see also Sanchez v. Secretary of Health & Human Servs., 812 F.2d 509, 512 (9th Cir.1987)(new evidence indicates, at most, mental deterioration after the hearing, which would be material to new application, but is not probative of claimant's condition at the time of the hearing). The district court did not abuse its discretion by failing to order a remand.
 
 
 14
 If plaintiff's condition has deteriorated, he may file a new application seeking benefits from the date of disability forward. Godsey, 832 F.2d at 445; see also Sizemore v. Secretary of Health & Human Servs., 865 F.2d 709, 712 (6th Cir.1988)(if, in fact, claimant's condition has seriously deteriorated, appropriate remedy is to "initiate a new claim for benefits as of the date that the condition aggravated to the point of constituting a disabling impairment.").
 
 
 15
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. --- F.R.D. ----
 
 
 **
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation