**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 19 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

KENNETH M. JOHNSON, JR.,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

      Defendant-Appellee.

No. 00-6064
(D.C. No. 98-CV-1546-T)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**   *

---

Before **TACHA** , **EBEL** , and **LUCERO** , Circuit Judges.

---

Plaintiff-appellant Kenneth M. Johnson, Jr., appeals from an order of the

district court affirming the Commissioner's determination that he is not entitled

to Social Security disability insurance and supplemental security income benefits

(SSI). [1]  We affirm, after reviewing the Commissioner's decision to determine

---

\*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore

(continued...)

whether his factual findings were supported by substantial evidence in light of the entire record and whether he applied the correct legal standards. See Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994).

Mr. Johnson claims disability as of April 5, 1995, due to a fractured hip and its aftereffects. He also alleges hearing loss, impaired sight, and cervical myalgia, a condition which sometimes causes his head to jerk involuntarily. On May 30, 1997, the administrative law judge (ALJ) determined that Mr. Johnson was not disabled at step five of the five-step sequential process, see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988), as he had the residual functional capacity to perform a significant number of jobs in the national economy. On appeal, Mr. Johnson argues that: (1) the ALJ did not provide an adequate advisement on the benefits of having counsel; (2) the ALJ failed to develop the record by obtaining evidence from his treating physician; and (3) the case should be remanded for consideration of the treating physician's report, dated February 24, 1999, filed for the first time in the district court.

---

[1](...continued)
ordered submitted without oral argument.

**Notice of Right to Counsel**

Mr. Johnson's primary argument is that he was not properly advised of his right to counsel. Prior to the hearing before the ALJ, Mr. Johnson received three written notices stating that he was entitled to have an attorney or other person represent him in social services proceedings and that there was a possibility of free legal services or a contingency arrangement. See Appellant's App. at 20 (notice of hearing), 68 (notice of initial denial), 74 (notice of reconsideration). [2] When Mr. Johnson appeared at the hearing unrepresented, the ALJ initiated the following colloquy:

> ALJ: Okay, folks, let's see, you're appearing without an attorney, aren't you, today, or do you want to go ahead without an attorney?

---

[2] For example, two of the notices are identical and state, in clear, large type:

**If You Want Help With Your Appeal**

You can have a friend, lawyer, or someone else help you. There are groups that can help you find a lawyer or give you free legal services if you qualify. There are also lawyers who do not charge unless you win your appeal. Your local Social Security office has a list of groups that can help you with your appeal.

If you get someone to help you, you should let us know. If you hire someone, we must approve the fee before he or she can collect it. And if you hire a lawyer, we will withhold up to 25 percent of any past due benefits to pay toward the fee.

Appellant's App. at 68, 74.

CLMT:      Yes, I do.

ALJ:       Okay, you know that you [c]an go to Legal Aid and they've already explained all that to you, I guess, and I know you've had enough notices that said that you could if you wanted to, and first if you go to a lawyer out here, they'll charge you 25 percent of past due benefits. Go to Legal Aid they'll represent you for free if you can qualify. Still want to go ahead, huh?

CLMT:      Yeah, they tell you to go to a lawyer, Ken [the claimant], I know what's wrong the way they do.

ALJ:       Okay, let's go ahead then, if that's what you want to do. All right.

Id. at 23.

This advisement fulfilled the Commissioner's duty under our prior case law. In Carter v. Chater, 73 F.3d 1019, 1021 (10th Cir.1996), we held that written notice, along with an off-the-record advisement of the right to counsel, was sufficient to satisfy the requirements of the applicable regulations, statutes, and case law. Mr. Johnson, however, advocates an expansion of the ALJ's duty, so that we require the ALJ to explain the advantages of proceeding with counsel and "alter [any] misperception that it was a bad idea to have a lawyer." Appellant's Br. at 8. In urging this position, Mr. Johnson relies on authority from other federal courts. See Gullett v. Chater, 973 F. Supp. 614, 620 (E.D. Tex. 1997) (citing Clark v. Schweiker, 652 F.2d 399, 403 (5th Cir. 1981)); Vaile v. Chater, 916 F.

-4-

Supp. 821, 828 (N.D. Ill. 1996) (citing    Binion v. Shalala  , 13 F.3d 243, 245 (7th

Cir. 1994)).

Based on the record before us, we decline to impose an expanded duty on

the ALJ.  There is every indication that Mr. Johnson knowingly and intelligently

waived his right to counsel, upon proper advisement by the Commissioner.  The

written notices and the ALJ's statements at the hearing provided adequate notice

of Mr. Johnson's right to representation.

## Duty to Develop the Record

Next, Mr. Johnson asserts that the Commissioner failed in his duty to

develop the record.  He is correct in stating that the Commissioner has the duty to

develop an adequate record relevant to the issues raised.        See Hawkins v. Chater  ,

113 F.3d 1162, 1164 (10th Cir. 1997).  "This duty is especially strong in the case

of an unrepresented claimant."    Carter , 73 F.3d at 1021.  A claimant is responsible,

however, for furnishing medical evidence of claimed impairments.        See 20 C.F.R.

§ 404.1512(a), (c); § 416.912 (a), (c).

Mr. Johnson's specific contention is that the ALJ should have sought

a disability opinion from Dr. Eric E. Frische, the physician who performed

orthopedic surgery on his fractured hip in April 1995.  In the medical records

presented to the Commissioner, the final entry from Dr. Frische was made on

June 29, 1995.  On that date, Dr. Frische concluded that Mr. Johnson was "really

doing well," without "any pain" and with the expectation that "he could begin to put full weight [on his hip]" after July 4, 1995. Appellant's App. at 119.

In the absence of additional information from Dr. Frische, the Commissioner arranged for a consultative orthopedic examination on September 30, 1996. The examiner noted that Mr. Johnson lurched to the left side and limped, but that his gait "appeared normal for speed, stability and safety." Id. at 126. The examiner's assessment was that, in spite of the 1995 hip fracture, Mr. Johnson had no restrictions as to lifting, carrying, standing, walking, or sitting. See id. at 131-32.

Nothing in the record suggested the need for additional investigation of Mr. Johnson's hip impairment. Even taking into account the added burden that applies to an unrepresented claimant, the ALJ did not breach the duty to develop the record.

### Submission of New Evidence

Mr. Johnson's final contention is that his case should be remanded for consideration of a record prepared by Dr. Frische, submitted for the first time on appeal to the district court. If new evidence is presented directly to a reviewing court, the court may remand to the Commissioner only if the evidence is material and the claimant shows "good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). To warrant a § 405(g) remand, "we normally must determine that the new evidence would have changed

the [Commissioner's] decision had it been before him." Hargis v. Sullivan, 945 F.2d 1482, 1493 (10th Cir. 1991). Further, the evidence must relate to the time period for which the benefits were denied. See id.

The new evidence submitted by Mr. Johnson is a record from Dr. Frische, dated February 24, 1999, which states that "today having not been seen in about 3 years," Mr. Johnson presented with "progressive difficulties with his hip," and considerable shortening in his left leg. Appellant's App. at 171. Dr. Frische concluded that further surgery was necessary. See id. This record describes Mr. Johnson's condition more than a year and a half after the Commissioner's final decision, without shedding light on his condition at the time of that decision.

Dr. Frische's record may show that the condition of Mr. Johnson's hip condition has deteriorated, but it does not establish that he was disabled at the relevant time. See Godsey v. Bowen, 832 F.2d 443, 445 (7th Cir. 1987) (stating that evidence of deterioration in 1986 does not show that "it was otherwise than found at the administration hearing," held in 1983); see also Sanchez v. Secretary of Health & Human Servs., 812 F.2d 509, 512 (9th Cir. 1987) (stating that new evidence indicating deterioration after the hearing would be material to a new application, but is not probative of claimant's condition at the time of the hearing). Mr. Johnson's showing in the district court does not justify a remand for consideration of Dr. Frische's record.

The judgment of the district court is AFFIRMED.

Entered for the Court

Carlos F. Lucero
Circuit Judge