**Margaret H. WARNER, Appellant,**

v.

**Margaret M. HECKLER, Secretary, Health & Human Services, Appellee.**

No. 82–2485.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 13, 1983.

Decided Dec. 14, 1983.

**430**

Thomas E. Dittmeier, U.S. Atty., Wesley D. Wedemeyer, Asst. U.S. Atty., St. Louis, Mo., for appellee; Paul P. Cacioppo, Regional Atty. Region VII, D. Samuel Borin, Asst. Regional Atty., Dept. of Health and Human Services, Kansas City, Mo., of counsel.

Bernhardt W. Klippel, III, Wion, Burke & Boll, Clayton, Mo., for appellant.

Before BRIGHT, ARNOLD and FAGG, Circuit Judges.

FAGG, Circuit Judge.

Margaret H. Warner brought this action under 42 U.S.C. § 405(g) to obtain review in the district court of a denial of her claim. for Social Security disability benefits. Warner appealed after the district court entered summary judgment against her. *See Warner v. Schweiker,* 551 F.Supp. 789 (E.D.Mo.1982). The issue on appeal is whether there is substantial evidence in the record as a whole to support the Secretary's denial of benefits. We reverse.

Warner filed her application for disability benefits on October 1, 1980. The record shows that Warner was born in 1922, earned a college degree, and for a number of years worked as a mathematics teacher. Her employment as a teacher ended in June 1975 and she has not been employed in any capacity since that time. Warner last met the special earnings requirement for disability benefits on June 30, 1980. She was thus required to establish that her disability existed before the expiration of her eligibility period on that date.

Warner's application for disability benefits alleges that her disability resulted from a broken knee and that she has been disabled since November 11, 1976. The record shows that Warner fell and fractured her knee in 1976 and was hospitalized for about one month. Since that time she has relied on a walker for assistance in moving about. In September 1980 she was once more hospitalized after another fall which. caused further injury to her knee. Since that time she has used a wheelchair as well as a walker.

Warner testified at the administrative hearing that in addition to her leg impairment she suffered from a memory impairment. She stated that sometimes she could not remember what day it was, the time of day, or what was happening; that she had to write things down to remember them; and that she had problems remembering where she had put things in the house. When asked to name the medications she was taking, she could not do so, although she did say she could remember when to take them. Warner also testified that her memory problem included the subjects she taught while employed as a teacher and that this condition existed as of June 30, 1980.

Warner's claim of memory impairment was corroborated by other evidence, including testimony by her husband. Although her husband said he had noticed the problem more recently, he stated that her memory had not been too good at other times. He could not recall, however, what her memory capabilities were in June of 1980, but he said he thought there was a problem with her memory at that time. Warner also produced an affidavit of Dr. Carl H. Lindeman, who examined her in 1976 or 1977. In the affidavit Dr. Lindeman indicated that at the time of the examination Warner was incapable of engaging in any type of substantial gainful activity because of a combination of her physical ailments and deterioration of her ability to think clearly resulting from alcoholism.

Warner had the burden at the administrative hearing to show that she was unable to return to her past relevant work as a result of her impairments. *See O'Leary v. Schweiker,* 710 F.2d 1334, 1337–38 (8th Cir.1983); *McCoy v. Schweiker,* 683 F.2d 1138, 1146–47 (8th Cir.1982). The administrative law judge found that Warner's medical condition did not prevent her from

performing her past work as a teacher on a sedentary basis. Warner's past relevant work was not teaching on a sedentary basis, however. Instead, her past teaching jobs involved considerable walking and standing. The administrative law judge recognized that Warner's ability to perform her former work was compromised. His approach in considering whether Warner had the capacity to perform sedentary teaching jobs necessarily implies that she was unable to perform her previous teaching jobs. Hence, although the administrative law judge did not explicitly so find, the record supports our conclusion that Warner met her burden of showing that she could not return to her past relevant work.

■■■ The burden was thus shifted to the Secretary to show that Warner was capable of performing other work that existed in the national economy. *See O'Leary v. Schweiker, supra,* 710 F.2d at 1337–38; *Jackson v. Schweiker,* 696 F.2d 630, 631 n. 1 (8th Cir.1983). This burden has two aspects. First, the Secretary must prove that the claimant has the residual functional capacity to perform other kinds of work. *See O'Leary v. Schweiker, supra,* 710 F.2d at 1338. Residual functional capacity is defined as what the claimant can still do despite her limitations, 20 C.F.R. § 404.1545(a) (1983), and includes an assessment of physical abilities and mental and other impairments. 20 C.F.R. § 404.-1545(b), (c), (d) (1983). The Secretary has the burden to establish the claimant's residual functional capacity by substantial evidence. *See McDonald v. Schweiker,* 698 F.2d 361, 364 (8th Cir.1983). Second, once the claimant's capabilities are established, the Secretary has the burden to demonstrate that there are jobs available in the national economy that can realistically be performed by someone with the claimant's qualifications and capabilities. *See O'Leary v. Schweiker, supra,* 710 F.2d at 1338. We now turn to the question whether the Secretary has sustained her burden of showing that other work existed which Warner could perform.

A vocational expert testified that sedentary teaching jobs were available in signifi-cant numbers and that in addition Warner had acquired skills which were transferable to sedentary jobs other than teaching which were also available. The evidence pertaining to a memory problem cast doubt on Warner's ability to perform these jobs, however. Accordingly, the vocational expert testified that if Warner's memory problems were as severe as was implied by the testimony, she would be precluded from performing the jobs that he had previously indicated would be available to her.

■ The record demonstrates that the administrative law judge recognized the importance of the alleged memory problem to the disability determination. He noted that the vocational testimony would direct a finding that Warner was unemployable if there was objective medical evidence to substantiate her claim of impaired memory. The administrative law judge went on to state that if such objective medical evidence was not found he probably would have to ask for a consultative examination to further explore that aspect of Warner's claim. It is the administrative law judge's duty to develop the record fully and fairly even if, as in this case, the claimant is represented by counsel. *See Driggins v. Harris,* 657 F.2d 187, 188 (8th Cir.1981). No consultative examination was performed, though, despite the administrative law judge's indication that such an examination would be undertaken before he discounted the importance of Warner's memory problems.

■ After considering evidence in the record concerning memory impairment we conclude that the Secretary failed to sustain her burden of showing that Warner retained the capacity to engage in other available work. The administrative law judge found that Warner's allegation of a memory problem was not corroborated by any of the medical evidence pertaining to June 30, 1980, or before. This finding overlooks Dr. Lindeman's affidavit, though, which provided some indirect corroboration because it showed mental impairment attributable to alcoholism. Moreover, the administrative law judge could not ignore the

432

subjective descriptions of memory impairment contained in the testimony of Warner and her husband even if the descriptions were not fully corroborated by objective medical evidence. *Cf. Tucker v. Schweiker,* 689 F.2d 777, 780–81 (8th Cir.1982) (subjective complaints of pain).

■ Testimony by both Warner and her husband about her memory problem was uncontradicted. The record does contain a 1976 mental status examination report which shows that Warner suffered no gross organic deficit and noted that her mood, motor activity, and thought content seemed appropriate. Memory impairment was not addressed in this report, however, and thus it does not contradict the existence of a memory impairment at that or a later time. We again note that at this stage of the proceedings the burden had shifted to the Secretary to establish Warner's residual functional capacity. To be sure, it was the administrative law judge's duty to resolve conflicts in the evidence, but in this case evidence pertaining to a memory problem was not in conflict, and the administrative law judge cited no valid basis for discrediting the evidence of memory impairment. *Cf. McMillian v. Schweiker,* 697 F.2d 215, 221–22 (8th Cir.1983) (uncontradicted evidence of fatigue and difficulty in concentration).

Because the Secretary did not sustain her burden of showing that Warner was capable of performing some other available work, the decision to deny disability benefits is not supported by substantial evidence. We therefore reverse the summary judgment entered by the district court in favor of the Secretary and order an award of disability benefits to Warner.