**Tillman VAUGHN, Appellant,**

v.

**Margaret HECKLER, Secretary of Health and Human Services, Appellee.**

**No. 84–1269.**

United States Court of Appeals, Eighth Circuit.

Submitted May 25, 1984.

Decided Aug. 15, 1984.

The Niblock Law Firm by Walter R. Niblock, Fayetteville, Ark., for appellant.

J. Paul McGrath, Asst. Atty. Gen., Washington, D.C., W. Asa Hutchinson, U.S. Atty., Fort Smith, Ark., Gayla Fuller, Acting Regional Atty., Washington, D.C., Mary K. Biester, Asst. Regional Atty., U.S. Dept. of Health and Human Services, Dallas, Tex., for appellee.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

BRIGHT, Circuit Judge.

Tillman Vaughn appeals from a judgment of the district court affirming a decision of the Secretary of Health and Human Services (Secretary) that he was not disabled. For the reasons that follow, we reverse and remand.

Vaughn was born in 1933 and has a fifth grade education, although he stated that he could not read. He worked as a heavy-equipment operator until July 1980. In 1981, Vaughn filed an application for disability insurance benefits, alleging a disability due to a back injury and diabetes.

In March 1980, Vaughn suffered a work-related back injury. In July 1980, he was hospitalized for complaints of constant back pain and left leg pain following the injury. The pain was aggravated by sitting or walking. An x-ray examination revealed moderate degenerative changes with arthritis. Vaughn was treated with medication and bedrest. In addition, during the hospitalization his diabetes was monitored and his insulin was adjusted.

In August 1980, Vaughn was again hospitalized with complaints of pain. An x-ray examination demonstrated "extensive degenerative changes in the lower lumbar spine with obliteration of the L5–S1 interspace and severe osteophytosis." A lumbar myelogram demonstrated an extruded disc. According to the evidence of record, Vaughn had disc surgery in September 1980. However, the records of the surgery and post-operative status are not in the administrative record.

In March of 1981, at the request of the Secretary, Dr. Lamar Howard examined Vaughn, who complained of back pain, blurred vision, and headaches. Dr. Howard believed that Vaughn's diabetes was "probably inadequately controlled." Dr. Howard stated that Vaughn presented "convincing evidence of lumbar disc disease treated by surgery [with] residual neurological deficit." In addition, Dr. Howard noted that there was x-ray evidence of degenerative arthritic changes that may have contributed "a great deal to his pain."

The record also contains two letters from Dr. Vincent Runnels, Vaughn's treating orthopedic surgeon. The letters were addressed to an insurance carrier, apparently in connection with a workers' compensation claim. Dr. Runnels stated that Vaughn continued to complain of back and hip pain and foot swelling. Dr. Runnels had advised Vaughn to elevate one foot when standing and to avoid prolonged bending and heavy lifting.

In July 1981, Vaughn, who was represented by counsel, testified before an administrative law judge (ALJ). The ALJ asked no questions during the ten-minute hearing. In response to questioning by his counsel, Vaughn testified generally to back and leg pain. He stated, however, that he was able to ride a lawn mower about thirty minutes. He also stated that he only took his prescribed pain medication every two or three weeks because he had been advised that it was addictive.

The ALJ found that Vaughn's impairment met or equalled the criteria set forth in the Listing of Impairments, 20 C.F.R., Part 404, Subpart P, Appendix 1. Accord-

ingly, the ALJ awarded disability benefits. On its own motion, the Appeals Council reversed the ALJ's decision. The Appeals Council noted that the ALJ did not specify the applicable listing. The Council found that Vaughn's back impairment did not meet or equal the criteria set forth in section 1.05, the listing for disorders of the spine. The Council went on to find that Vaughn's complaints of pain were inconsistent with his testimony of daily activities and infrequent use of pain medication. Although the Council noted that the "limitations resulting from the claimant's back condition are stated very generally in the record and in claimant's testimony," the Council nonetheless concluded that Vaughn had the residual functional capacity (RFC) to perform sedentary work and that the Medical-Vocational Guidelines directed a finding of no disability.

This court has consistently held that it is the Secretary's "duty to develop the record fully and fairly, even if, as in this case, the claimant is represented by counsel." *Warner v. Heckler*, 722 F.2d 428, 431 (8th Cir. 1983). We have held that it is incumbent upon the Secretary to "establish by medical evidence that the claimant has the requisite RFC," *McCoy v. Schweiker*, 683 F.2d 1138, 1147 (8th Cir.1982) (en banc), and to question a claimant in detail about his impairments and abilities. *Orr v. Heckler*, 737 F.2d 770 at 771 (8th Cir.1984). Furthermore, "if a treating physician * * * has not issued an opinion which can be adequately related to the [Social Security Act's] disability standard, the ALJ is obligated * * * to address a precise inquiry to the physician so as to clarify the record." *Lewis v. Schweiker*, 720 F.2d 487, 489 (8th Cir.1983). Here, the Appeals Council erred in concluding that Vaughn had the RFC to perform sedentary work because, as the Council acknowledged, Vaughn's limitations resulting from his back impairment and other impairments are stated only "generally" in the medical evidence and Vaughn's testimony. On remand, at a minimum, in order to fairly assess Vaughn's functional limitations resulting from his impairments, the Secretary must secure the medical records

from Vaughn's 1982 hospitalization for disc surgery, *see Brissette v. Heckler*, 730 F.2d 548, 550 (8th Cir.1984), address an inquiry to Vaughn's treating physician as to his limitations resulting from his back impairment, and develop Vaughn's testimony. The ALJ should then reevaluate the evidence against the criteria set forth in the Listing of Impairments.

Assuming the evidence as developed does not demonstrate that Vaughn's back impairment meets or equals the criteria in the Listing of Impairments, on remand, the Secretary must also develop the evidence of Vaughn's diabetes and other impairments. In assessing disability, she must consider the combined impact of the impairments. *Layton v. Heckler*, 726 F.2d 440, 442–43 (8th Cir.1984). Furthermore, the Secretary must reassess Vaughn's allegations of disabling pain. If she rejects Vaughn's allegations of disabling pain, she must do so for a legally sufficient reason. *See, e.g.*, Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir.1984). We believe that on the record evidence before this court, Vaughn has established that he suffers from significant pain. Even the Secretary's consulting physician acknowledged that Vaughn presented "convincing evidence of lumbar disc disease" that would account for his complaints of pain. We remind the Secretary that if a claimant suffers from a nonexertional impairment, such as significant pain, the Medical-Vocational Guidelines "cannot substitute for vocational expert testimony concerning jobs a person with [the claimant's] physical limitations and degree of pain can perform." *Simonson v. Schweiker*, 699 F.2d 426, 430 (8th Cir.1983).

Accordingly, the judgment of the district court is reversed and this case is remanded for further proceedings consistent with this opinion.