**Irvin E. SWEDBERG, Appellee,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Appellant.**

No. 86-5112.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 17, 1986.

Decided Oct. 27, 1986.

Jeffrey M. Teske, Chicago, Ill., for appellant.

J. Scott Braden, Willmar, Minn., for appellee.

Before McMILLIAN, Circuit Judge, HENLEY, Senior Circuit Judge, and ARNOLD, Circuit Judge.

HENLEY, Senior Circuit Judge.

This case raises the question of whether appellee Irvin E. Swedberg is entitled to recover attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Appellant Otis R. Bowen, M.D., Secretary of Health and Human Services, contends on this appeal that the district court erroneously concluded that appellee was a prevailing party in ordering an award of attorney's fees. Alternatively, appellant contends the government's position was substantially justified. We reverse.

On April 3, 1980 appellee applied for a period of disability and disability insurance benefits. 42 U.S.C. §§ 416(i) and 423. Appellee claimed that as of December 31, 1978 he could no longer work due to back, leg and knee pain. Appellee's application was denied initially and on reconsideration. An administrative appeal followed. The administrative law judge (ALJ) found that appellee could not return to his former work, but that he did possess residual ability to perform light or sedentary work. The ALJ's decision was issued on May 25, 1982. This became the final decision of the Secretary on October 8, 1982 when further review was denied.

Appellee appealed to the district court and the magistrate recommended remand to the Secretary for reconsideration of appellee's subjective symptoms of pain. The district court accepted the recommendation and the case was remanded on March 9, 1984.

On remand a second ALJ found appellee's subjective complaints of pain to be credible, but reaffirmed the prior decision that appellee was not disabled prior to October 17, 1982. Appellee celebrated his sixtieth birthday on October 17, 1982 and the second ALJ concluded that he became disabled as of that date. 20 C.F.R. § 404.-1569 and Rule 202.02, Table No. 2, Appendix 2, Subpart P. The ALJ recommended that appellee be entitled to a period of disability and to disability insurance benefits commencing October 17, 1982. This became the final decision of the Secretary and appellee did not seek further judicial review.

Appellee thereafter submitted a fee request to the district court under the EAJA claiming that he was now the prevailing party in the earlier district court action. The magistrate found appellant's position that appellee was not a prevailing party to be without merit and recommended that appellee be awarded attorney's fees for 15.3 hours expended in the previous district court proceeding and 2.9 hours for the preparation of the fee petition and supporting document at a rate of $75.00 per hour. The district court adopted this recommendation. This appeal followed.

■ A prevailing party may recover attorney fees and costs under the EAJA where the position of the government was not substantially justified. 28 U.S.C. § 2412(d)(1)(A); *Cornella v. Schweiker*, 728 F.2d 978, 981 (8th Cir.1984). A disability benefits claimant's winning of a remand to the Secretary for further administrative proceedings on the merits does not make him an EAJA prevailing party. *Cook v. Heckler*, 751 F.2d 240, 241 (8th Cir.1984). Before appellee can be a prevailing party he must obtain those benefits which he sought on the original appeal to the district court. *Id.* Accordingly, had appellee immediately sought an EAJA award after his

initial success in district court, his request would have been denied as he still could have lost at the administrative level. Likewise, if appellee had been denied benefits on remand and that decision had become final, once again he would not be a prevailing party because he ultimately lost on the merits. Therefore, the proper focus in determining whether appellee is an EAJA prevailing party is his ultimate success on the merits of the decision initially appealed to the district court.[1] We agree with appellee that *Cook* does not require a party to receive all of the benefits to which he claimed entitlement under the Social Security Act, but he must receive *some* in order to be a prevailing party.

■ Appellee appealed to the district court the denial of benefits for the period December 31, 1978 through May 25, 1982. On remand, the second ALJ reaffirmed the denial for this period. Appellee was only awarded benefits upon remand because of the intervening act of his sixtieth birthday. *See* 20 C.F.R. § 404.1563(d) ("If you are close to retirement age (60–64) and have a severe impairment, we will not consider you able to adjust to sedentary or light work unless you have skills which are highly marketable."). Appellee has never received benefits for the period originally appealed from and is now foreclosed from seeking further review for that period. It would be anomalous to find appellee to be a prevailing party in these circumstances when his ultimate receipt of benefits was due to the intervening event of his sixtieth birthday.

Because we find that the district court erred in concluding that appellee was a prevailing party, we do not reach the question whether the Secretary's position was substantially justified.

Reversed.

---

1. In unusual circumstances it has been held that a person may be considered a prevailing party when he secures no more than a remand if he prevailed on an issue important to many other social security claimants and thus served as a catalyst in clarifying the Secretary's procedure.

*McGill v. Secretary of Health and Human Services,* 712 F.2d 28, 32 (2d Cir.1983), *cert. denied,* 465 U.S. 1068, 104 S.Ct. 1420, 79 L.Ed.2d 745 (1984). Such is not the case here. Appellee's appeal related to matters unique to his own case.