The judgment of the district court affirming the judgment of the bankruptcy court is affirmed.

Anthony BROUWERS, Appellant,

v.

Otis R. BOWEN, Secretary of Health and Human Services, Appellee.

No. 86–2484.

United States Court of Appeals, Eighth Circuit.

Submitted May 22, 1987.

Decided July 20, 1987.

Robert W. Pratt, Des Moines, Iowa, for appellant.

Richard L. Richards, Des Moines, Iowa, for appellee.

Before ROSS,* ARNOLD and MAGILL, Circuit Judges.

PER CURIAM.

Anthony Brouwers appeals from a district court[1] order denying his application for an award of attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A) (Supp. III 1985). We affirm.

## I. BACKGROUND

Brouwers applied for both social security disability insurance benefits and supplemental security income. His application was denied at the administrative level, and he sought judicial review. The district court affirmed the denial of the disability

---

* The Honorable Donald R. Ross was an active judge of the Eighth Circuit on the date this case was submitted, but took senior status on June 13, 1987, before the decision was filed.

1. The Honorable Harold D. Vietor, United States District Chief Judge for the Southern District of Iowa.

insurance benefits application but reversed and remanded on the supplemental security income application. Thereafter at the administrative level, Brouwers was awarded supplemental security income.

Brouwers's attorney subsequently filed an application with the district court for attorney's fees under the EAJA, and the Secretary of Health and Human Services (Secretary) filed a response in opposition. The district court denied the application, finding that the Secretary's position had been substantially justified. This appeal followed.

## II. DISCUSSION

The EAJA provides that unless special circumstances make an attorney's fees award unjust, attorney's fees shall be awarded to the prevailing party if the government's position in the administrative and judicial proceedings was not substantially justified. 28 U.S.C. § 2412(d)(1)(A) (Supp. III 1985). The Secretary bears the burden of proving that his position was substantially justified. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir.1986) (per curiam).

On appeal, the district court's decision on an application for fees under the EAJA is not to be disturbed unless it constitutes an abuse of discretion. *Id.; Keasler v. United States*, 766 F.2d 1227, 1231 (8th Cir.1985). Under this standard, the district court's conclusions of law are reviewable on a de novo basis, and its findings of fact are reviewable under the clearly erroneous standard. *United States v. Estridge*, 797 F.2d 1454, 1457 (8th Cir.1986) (per curiam).

### A. Prevailing Party

For purposes of the EAJA, a prevailing party is one who ultimately succeeds on the merits of the administrative decision appealed to the district court. *Swedberg v. Bowen*, 804 F.2d 432, 434 (8th Cir.1986). It is not enough to have won a remand to the administrative level for further proceedings. *Cook v. Heckler*, 751 F.2d 240, 241 (8th Cir.1984). Rather, the party must at least receive some of the benefits claimed in that initial appeal. If, on the other hand, the party is ultimately awarded benefits only because of an intervening event, then the party is not a prevailing party. *Swedberg*, 804 F.2d at 434.

Some factors contributing to the ultimate decision to award Brouwers supplemental security income were intervening events. Brouwers's age changed during the proceedings on remand, placing him in the "advanced" age category. Additionally, Brouwers was suffering from newly documented psychological and physical impairments. The second administrative law judge combined these factors with the previous factors of, for example, Brouwers's limited education and lack of transferable skills to find Brouwers "disabled." Thus, the decision to award benefits was based in part on the facts supporting the supplemental security income application argued before and remanded by the district court, and Brouwers is a prevailing party. *Cf. Id.* (applicant not a prevailing party when benefits awarded *only* because of an intervening event).

### B. Secretary's Position

The district court correctly recognized that the test of substantial justification is one of reasonableness and that fees are not to be awarded just because the Secretary lost the case. *See Jackson*, 807 F.2d at 128–29. To elaborate, the Secretary's position must be "clearly reasonable, well founded in law and fact, solid though not necessarily correct." *Id.* at 128 (quoting *United States v. 1,378.65 Acres of Land*, 794 F.2d 1313, 1318 (8th Cir.1986) (footnote omitted)). Even so, the substantial justification standard is a lesser standard than the substantial evidence standard used to review administrative determinations. *United States v. 1,378.65 Acres of Land*, 794 F.2d at 1318 n. 3 (citing 131 Cong.Rec. H4763 (daily ed. June 24, 1985) (statement of Congressman Kindness)).

Although the district court remanded the case on Brouwers's supplemental security income application, the district court did not rule out that the Secretary could again decide to deny benefits. The district court specifically directed the Secretary to receive additional evidence bearing on Brouwers's ability to perform work existing in the national economy. The district court

then noted that "it may be necessary" to receive additional medical evidence because of the passage of time.

■ It is not possible to conclude from this situation that the Secretary's position in both the administrative and judicial proceedings was unreasonable. *Cf. Donovan v. DialAmerica Marketing, Inc.,* 757 F.2d 1376, 1389 (3d Cir.) (closeness of case is evidence of substantial justification), *cert. denied,* 474 U.S. 919, 106 S.Ct. 246, 88 L.Ed.2d 255 (1985). The Secretary did not rely on isolated parts of the then existing evidence. *Cf. Cornella v. Schweiker,* 728 F.2d 978, 984 (8th Cir.1984) (unreasonable to do so and ignore overwhelming evidence of disability). Further, the Secretary's position in this case was not directed towards challenging established precedent. *Cf. Keasler,* 766 F.2d at 1234–38 (presenting a concern that private litigants not be compelled to subsidize such challenges). Thus, the district court's finding that the Secretary's position was substantially justified is not clearly erroneous.

Accordingly, the district court's denial of an award for attorney's fees under the EAJA is affirmed.