771 F.Supp. 292 (1991)
Shirley TERAMOTO, Plaintiff,
v.
Otis R. BOWEN, Defendant.
No. 89-1599C(3).
United States District Court, E.D. Missouri, E.D.
April 11, 1991.
As Amended August 23, 1991.
Gretchen Garrison, St. Louis, Mo. (court appointed), for plaintiff.
Edwin B. Brzezinski, Asst. U.S. Atty., St. Louis, Mo., for defendant.

ORDER
HUNGATE, District Judge.
This matter is before the Court on plaintiff's motion for entry of final judgment and for award of attorneys' fees pursuant *293 to the Equal Access to Justice Act ("EAJA"). Defendant opposes the motion.
On August 27, 1987, plaintiff filed this action pro se to obtain judicial review of the denial by defendant Secretary of Health and Human Services of plaintiff's application for disability benefits. On January 27, 1988, the Court granted plaintiff's motion for appointed counsel and appointed Gretchen Garrison to represent plaintiff in this case. On February 26, 1988, plaintiff's counsel filed an amended complaint seeking, in part, an order reversing defendant's decision and granting plaintiff's requests for disability insurance benefits and for supplemental security income. In November, 1988, before the Court ruled plaintiff's pending motion for summary judgment, defendant filed a motion for remand. Defendant urged remand was proper to allow the Secretary to obtain vocational expert testimony, to reconsider plaintiff's subjective complaints, and to "consolidate this claim with plaintiff's most recent Tile [sic] XVI claim." While noting defendant "continues to make every effort to insure that his decisions comply with Eighth Circuit law[,]" defendant stated without further explanation that "[u]nfortunately, the circumstances that make remand necessary were not discovered until the case reached legal counsel for briefing." On December 19, 1988, defendant's motion to remand was granted. On remand an attorney from Legal Services of Eastern Missouri, Joel D. Ferber, represented plaintiff. A hearing was conducted before an Administrative Law Judge ("ALJ"). Through a decision that became final in October, 1990, plaintiff received disability benefits retroactive to June, 1980, based upon an application plaintiff had filed on May 6, 1981.
By her present motion, plaintiff seeks (a) entry of a final judgment in favor of plaintiff and (b) an award under the EAJA, 28 U.S.C. § 2412, of attorneys' fees and costs totalling $16,415.10. This amount consists of an award to Mr. Ferber of $10,129.60 for 97.40 hours at the rate of $104.00 per hour; an award to Ms. Garrison of $5,865.00 for 69.00 hours of services rendered in 1988 at the rate of $85.00 per hour; an award to Ms. Garrison of $220.50 for 2.25 hours of services rendered in 1989 at the rate of $98.00 per hour; and an award of $200.00 in costs for a psychological evaluation of plaintiff which was obtained after remand and was used at the most recent hearing before the ALJ.
In support of this motion, plaintiff urges she is the prevailing party and the government's position in this case was not substantially justified. As to the latter, plaintiff contends the Secretary's position was not well-founded in law because (1) the ALJ failed fully to develop the record during earlier proceedings, in particular by failing to obtain the testimony of a vocational expert, by failing to address plaintiff's disabling psychological impairments, and by failing to obtain a psychological report; (2) the ALJ failed to provide findings in accordance with the Eighth Circuit's directives in Polaski v. Heckler, 739 F.2d 1320 (order), supplemented, 751 F.2d 943 (8th Cir.1984), vacated 476 U.S. 1167, 106 S.Ct. 2885, 90 L.Ed.2d 974, adhered to on remand, 804 F.2d 456 (8th Cir.1986), cert. denied, 482 U.S. 927, 107 S.Ct. 3211, 96 L.Ed.2d 698 (1987) and its progeny; (3) the ALJ applied the medical-vocational guidelines despite plaintiff's severe non-exertional impairment(s); and (4) the ALJ failed to shift to the Secretary the burden of showing plaintiff had the residual functional capacity to perform sedentary work. Additionally, plaintiff contends the Secretary's position lacks a reasonable basis in fact because the ALJ relied on isolated aspects of evidence by looking only to plaintiff's physical impairments. Finally, plaintiff contends the fee award should be at a rate higher than the statutory $75.00 per hour rate due to the increase in the cost of living since 1981. 28 U.S.C. § 2412(d)(2)(A)(ii). Plaintiff provided the Court with materials to support the proposed cost of living increase.
Defendant counters that the government's position in this case was substantially justified because on remand plaintiff was found to be disabled based upon new evidence of mental impairment(s); because plaintiff's court-appointed counsel focused on plaintiff's physical impairments and did not raise before this Court an issue regarding *294 plaintiff's mental impairment(s); and because the remand demonstrates there is reasonably more than one view of the available evidence. If the Court decides an award of fees is appropriate, then defendant also contends the amount requested by Ms. Garrison should be reduced. Specifically, defendant urges that the following hours reported by Ms. Garrison for services rendered in 1988 should be deleted or reduced: (i) 14.25 hours spent researching and 19 hours spent writing one ten-page brief; (ii) 7.5 hours spent drafting a six page reply to defendant's motion for remand; and (iii) 5.75 hours spent on unrelated matters such as plaintiff's utilities, plaintiff's entitlement to welfare benefits, and issues concerning a case against plaintiff that was reportedly dismissed. Notably, defendant does not challenge the hourly rates requested by either attorney or the number of hours itemized by Mr. Ferber for services he rendered on remand. Defendant also does not contest plaintiff's request for $200 in expenses.
Since defendant does not challenge either plaintiff's request for entry of final judgment or plaintiff's contention that she is a "prevailing party" for purposes of an award under the EAJA, without further discussion the Court (a) will grant plaintiff's unopposed request for entry of final judgment and (b) will find plaintiff is a "prevailing party" for purposes of an award under the EAJA, Gamber v. Bowen, 823 F.2d 242, 244 (8th Cir.1987) (remand alone is insufficient to establish a claimant is a prevailing party but an award of benefits following remand indicates the claimant has prevailed).
28 U.S.C. § 2412(d) provides in relevant part that
a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ..., including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
No "special circumstances" are at issue in this case so the Court will not address that element.
For purposes of an award under the EAJA, "substantially justified" means "justified to a degree that could satisfy a reasonable person" or having a "reasonable basis both in law and fact." Pierce v. Underwood, 487 U.S. 552, 565 and 566 n. 2, 108 S.Ct. 2541, 2550 and 2551 n. 2, 101 L.Ed.2d 490 (1988). The fact the government loses "does not raise a presumption that its position was not substantially justified." Cornella v. Schweiker, 728 F.2d 978, 982 (8th Cir.1984), citing H.R.Rep. No. 1418, 96th Cong., 2d Sess. 11, reprinted in 1980 U.S.Code Cong. & Ad.News 4953, 4990; accord Brouwers v. Bowen, 823 F.2d 273, 275 (8th Cir.1987) (per curiam) (fees under the EAJA are not to be awarded solely because the Secretary loses). Instead, the Court must examine the evidence and law surrounding the Secretary's decision(s) to determine whether the government's defense of a denial of an application for disability benefits is substantially justified. Cornella, 728 F.2d at 983. Defendant has the burden of establishing defendant's position was substantially justified. Gamber, 823 F.2d at 244.
Having considered these principles in light of the present record, the Court finds an award under the EAJA is appropriate under the circumstances because (a) defendant failed previously to develop fully the record (by failing to investigate and analyze plaintiff's mental condition(s) and by failing to obtain and consider vocational expert testimony); and (b) defendant failed fully to analyze plaintiff's subjective complaints. Based on these findings, the Court will not address the parties' other positions.
The record establishes, and defendant does not dispute, that prior to this Court's remand, the Secretary had not heard or considered the testimony of a vocational expert and had not thoroughly considered the record in light of Polaski and its progeny. Nor is there any contention by defendant that such considerations were not warranted under the circumstances or under *295 applicable law. In fact, in statements made in defendant's motion for remand, defendant implicated the possibility defendant had failed to follow pertinent Eighth Circuit law in this case. Additionally, in his ruling after remand, the presiding ALJ stated in part
Evidence of the claimant's multiple mental impairments became evident by reason of a state disability consultative examination on October 8, 1980 by Dr. Max Binder, Ph.D., a psychologist, who diagnosed the claimant as having chronic brain syndrome and an anxiety reaction. Dr. Binder recommended that the claimant undergo regular psychotherapy and intellectual testing. Although this case was reviewed and evaluated under the Disability Reform Act of 1984 it appears that to this date the claimant's mental impairment, although apparent, was not delved into or actively investigated.
Decision at 4, dated July 31, 1990.
Thus, the Court finds the government's position prior to remand, at least as to these factors, was not substantially justified.
To support his position on plaintiff's request for fees, defendant first relies on certain statements made by the ALJ that he relied on new and material evidence to support his decision. In particular the ALJ's decision states in part "recent new and material evidence establishes that the claimant has a mental impairment that is of the severity to preclude all sustained work activity." Decision at 4, dated July 31, 1990. The ALJ also used "new and material evidence of disability" to support a determination under the relevant regulations that plaintiff's severe mental impairment has existed since June 30, 1980. Id. at 6.
The Court does not find these statements support a determination that defendant's earlier position was substantially justified. First, the ALJ clearly acknowledged the possibility that plaintiff's mental impairment(s) could have been apparent during the earlier administrative proceedings. Indeed, a transcript of a 1985 hearing before another ALJ clearly raises the issue of plaintiff's mental status and of the availability of Dr. Binder's (or Blinder's) 1980 evaluation of plaintiff. See Transcript of July 26, 1985, hearing at pages 10-11. Secondly, there is nothing of record to explain a reason either for the delay in discovering and addressing Dr. Binder's (or Dr. Blinder's) 1980 evaluation or for the absence of further evaluation of plaintiff's mental status at any time before the 1988 remand. While it was proper for the ALJ to base aspects of his most recent disability determination on "new and material evidence of disability," and while the Court appreciates defendant's candor in his remand request and in the ultimate agency decision in this case, this Court is not convinced the "new and material evidence" phraseology supports a conclusion that in this case defendant's position was substantially justified.
Defendant's reliance on the issues raised by plaintiff's court-appointed counsel before this Court is also not persuasive. It is the defendant's position, and not the plaintiff's position, that is essential to an EAJA fee award. Even assuming that the appointed attorney should have but did not clearly raise a mental impairments issue before this Court, her failure to do so does not ameliorate defendant's failure to recognize, at any time before this lawsuit was filed, that the prolonged administrative proceedings had not sufficiently considered plaintiff's mental condition, a vocational expert's testimony, or the requirements of Polaski and its progeny.
Finally, the Court is not convinced by defendant's contention that an EAJA award is inappropriate because there is more than one reasonable view of the evidence. The ALJ's most recent decision is unwavering in its conclusion that plaintiff's mental impairment constitutes a disability and that such disability clearly existed since June 8, 1980. Defendant has not pointed out any evidentiary discrepancies of record that support his present contention. The only basis for this argument is the fact that defendant sought the remand. That is not enough. Defendant could as easily have sought remand, and appears to have sought remand, to avoid a judicial determination that defendant failed properly *296 to consider plaintiff's mental condition(s) and the Polaski requirements, and to avoid having to argue that such failures were proper under the circumstances.
Moreover, the Court notes that plaintiff initially sought disability benefits approximately ten years ago. Even considering just the application filed most recently before this lawsuit was filed, an application filed January 25, 1984, plaintiff endured more than four years of administrative and judicial proceedings before defendant acknowledged that further consideration of plaintiff's subjective complaints and of a vocational expert's opinion(s) would be appropriate. Plaintiff then endured another almost two years of administrative consideration before a decision in favor of plaintiff became final after the remand. "Where the government forces a party into `lengthy administrative proceedings before final vindication of his or her rights ... the government should have to make a strong showing ... that its action was reasonable.'" Cornella, 728 F.2d at 982 (case involved a delay of three and one half years), citing H.R.Rep. No. 1418, 96th Cong., 2d Sess. 18, reprinted in 1980 U.S.Code Cong. & Ad.News 4997. Thus, the Court finds the delay here is a relevant consideration in determining whether or not the government's position was substantially justified.
Based on the foregoing, the Court finds plaintiff is entitled to an award of fees and costs under the EAJA. Since defendant does not contest the $200 in costs sought by plaintiff, see 28 U.S.C. § 2412(d)(2)(A), or the total of $10,129.60 in attorneys' fees sought by Mr. Ferber, see Sullivan v. Hudson, 490 U.S. 877, 109 S.Ct. 2248, 2258, 104 L.Ed.2d 941 (1989) (allowing an award of fees on remand), those amounts will be awarded without further discussion.
The Court does find it appropriate, however, to reduce the amount plaintiff's court-appointed counsel requests in accordance with defendant's concerns. Plaintiff's arguments that the attorney's lack of familiarity with the area of law on which this case is based; that the appointed attorney does not seek compensation at the rate sought by plaintiff's other attorney; and that this case is more prolonged and complex than the usual disability benefits case, do not warrant an award of the total amount requested. While the Court concurs that this case is a bit more complex and prolonged than the usual disability benefits case, the Court does not find it appropriate to award appointed counsel fees for all of the itemized time spent familiarizing herself with the relevant area(s) of law or with any of the itemized time spent addressing matters not involved in this case. Thus, the Court will reduce the number of hours to be compensated for services rendered by that attorney in 1988 as follows:
(a) the 14.25 challenged hours for research and the 19.00 challenged hours for writing one ten page brief, a total of 33.25 in challenged hours for the preparation of that brief, will be reduced to a total of 15.00 hours to research and write that brief;
(b) the 7.5 challenged hours for drafting a six page reply will be reduced to a total of 5.0 hours; and
(c) the 5.75 challenged hours spent on matters not related to this case will be deleted. These deductions result in a total of 26.50 hours (18.25 hours pertaining to the ten page brief; 2.5 hours pertaining to the six page reply; and 5.75 hours pertaining to unrelated matters) being deducted from the total of 69.0 hours the court-appointed attorney itemizes for services rendered in 1988. Thus, Ms. Garrison shall be awarded a total of $3,612.50 for 42.5 hours (69.0 hours itemized less 26.50 hours deducted by the Court) of services in 1988 at the uncontested rate of $85.00 per hour, plus the undisputed total of $220.50 for 2.25 hours of services rendered in 1989 at the uncontested rate of $98.00 per hour, or a total of $3,833.00 for all compensable services rendered on behalf of plaintiff.
Therefore, after careful consideration,
IT IS HEREBY ORDERED that plaintiff's unopposed motion for entry of final judgment is granted and judgment is entered in favor of plaintiff in accordance with the final decision of the defendant *297 Secretary on plaintiff's recent application(s) for benefits.
IT IS HEREBY FURTHER ORDERED that plaintiff's motion for an award of attorneys' fees and costs under the EAJA is granted so that plaintiff is awarded a total of $14,162.60, which consists of $200.00 in undisputed costs; $10,129.60 in undisputed attorneys' fees for Mr. Ferber's services on remand; $3,612.50 in attorneys' fees for Ms. Garrison's services during 1988; and $220.50 in attorneys' fees for Ms. Garrison's services during 1989.