**Mary KOSS, Appellant,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Appellee.**

No. 92–1354.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 14, 1992.

Decided Jan. 5, 1993.

Timothy C. Harlan, Columbia, MO, argued, for appellant.

Wesley D. Wedemeyer, Asst. U.S. Atty., St. Louis, MO (Frank V. Smith, III and Janet Braggs, Dept. of Health and Human Services, Kansas City, MO, on the brief), for appellee.

Before JOHN R. GIBSON, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

JOHN R. GIBSON, Circuit Judge.

This appeal arises from a denial of attorneys' fees under the Equal Access to Justice Act. We hold that the government's position was not substantially justified until it filed a motion for remand with the district court. We reverse.

On June 16, 1986, Mary L. Koss applied for insurance benefits, disabled widow's benefits, and supplemental security income benefits under Title II and Title XVI of the Social Security Act, 42 U.S.C. §§ 401–433 (1988) and 42 U.S.C.A. §§ 1381–1383 (West Supp.1991). Koss alleged that she was entitled to disability benefits because pain in her left leg and back prevented her from working. She was denied benefits at the initial stage of the administrative process, and upon reconsideration. Koss then requested a hearing before an Administrative Law Judge, and she appeared pro se in that proceeding. Doctors Morrow and Leydig examined Koss on behalf of the Social Security Administration. Dr. Morrow diagnosed Koss as suffering from superficial venous varicosities, which would not significantly impair her ability to be gainfully employed. Doctor Leydig could not make a diagnosis of objective disability, but stated that he "believe[d] that there is considerable functional overlay,[1] present which accounts for most of Koss' complaints." He also suggested that a "neurological examination might offer some reason for her disability." Koss testified at length about

---

1. Functional overlay is defined as:

The emotional response to physical illness. It may take the form of a conversion or hysterical response, affective overreaction, prolonged symptoms of physical illness after signs of the illness have subsided, or combinations of these reactions. Functional overlay may appear to be the primary disease and require skillful diagnosis to determine the actual cause of illness.

*Taber's Cyclopedic Medical Dictionary,* 16th Ed. at 705 (1989).

**1228**

pain in her leg and back, and that she had seen a Dr. Mitchell on fifteen occasions. The ALJ denied Koss' application for benefits and concluded that Koss' functional limitations were not supported by medical evidence. The ALJ failed to obtain Dr. Mitchell's treatment records or evaluate her complaints of pain under the guidelines set forth in *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir.1984), and its progeny.

The appeals council incorporated the evidence by reference and affirmed the denial of disability. Koss then appealed pro se to the district court and sought the appointment of counsel. The Secretary filed an answer denying that Koss was entitled to benefits and stating that substantial evidence supported the findings of fact contained in the final decision. The Secretary asked that the decision be affirmed, and that the action be dismissed for a failure to state a claim upon which relief could be granted.

The district court appointed counsel, who filed a motion for summary judgment. Counsel articulated the ALJ's duty to fully and fairly develop the record, a well established legal principle in this circuit, which applies even when a claimant is represented by counsel. *Vaughn v. Heckler*, 741 F.2d 177, 179 (8th Cir.1984). The motion also stated that although Koss testified that she had seen Dr. Mitchell fifteen times, the ALJ failed to obtain her treatment records. Counsel pointed out that the ALJ failed to obtain any kind of psychological or neurological consultation despite Dr. Leydig's opinion that Koss suffered a "considerable functional overlay," which accounted for most of her complaints. Counsel argued that the ALJ's failure to develop the record was contrary to Eighth Circuit precedent, citing as an example *Benson v. Heckler*, 780 F.2d 16, 17–18 (8th Cir.1985). Finally, counsel argued that the ALJ failed to adequately

develop a record of Koss' subjective complaints of pain as required by *Polaski.*

The Secretary responded by filing a motion for remand. In the memorandum in support of the motion to remand, the Secretary referred to the ALJ finding that Koss' functional limitations were not supported by medical evidence. The Secretary acknowledged that although the ALJ based his decision on the reports of two consulting physicians, there might be records from treating sources that were not submitted to the ALJ. The Secretary conceded that the ALJ failed to pursue the possibility of a psychological origin for Koss' impairment despite Dr. Leydig's statement. The Secretary also acknowledged that the ALJ did not adequately evaluate Koss' subjective complaints of pain under the *Polaski* guidelines. The district court remanded the case, and on remand, the ALJ found that Koss suffered from a psychological impairment, and had been disabled since June 14, 1986. The Secretary therefore awarded benefits.

Koss filed this subsequent action in the district court requesting an award of $8,343.15 in attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.[2] The district court, however, found the Secretary's actions to be substantially justified, and denied Koss' request for attorneys' fees. *Koss v. Sullivan*, No. 87–1913C(6), Memorandum and Order, at 3 (E.D.Mo. November 27, 1991). Koss appeals the denial of attorneys' fees.

■ We review a denial of attorneys' fees under the Equal Access to Justice Act for an abuse of discretion. *Pierce v. Underwood*, 487 U.S. 552, 562–63, 108 S.Ct. 2541, 2548–49, 101 L.Ed.2d 490 (1988); *Truax v. Bowen*, 842 F.2d 995, 997 (8th Cir.1988).

■ Under the Equal Access to Justice Act, a prevailing party is entitled to an

**2.** 28 U.S.C. § 2412(d)(1)(A) provides:
Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than

cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

award of attorneys' fees unless the government's actions were substantially justified or "special circumstances make an award unjust." *Sullivan v. Hudson*, 490 U.S. 877, 883, 109 S.Ct. 2248, 2253, 104 L.Ed.2d 941 (1990). Koss is a prevailing party. A disability benefits claimant is a prevailing party if the claimant ultimately obtains the benefits sought on appeal to the district court. *See Sullivan*, 490 U.S. at 886–87, 109 S.Ct. at 2254–55; *Swedberg v. Bowen*, 804 F.2d 432, 434 (8th Cir.1986).

■ "Substantially justified" means "justified to a degree that could satisfy a reasonable person" or having a "reasonable basis in law and fact." *Pierce*, 487 U.S. at 565, 566 n. 2, 108 S.Ct. at 2550, 2550 n. 2; *Welter v. Sullivan*, 941 F.2d 674, 676 (8th Cir.1991). The question we ask here is at what point in time were the Secretary's actions substantially justified. Certainly, the Secretary is to be commended for seeking a remand for further administrative action. Before that time, however, we cannot conclude that the Secretary's actions were "justified" or had a "reasonable basis in law or fact." As the Secretary admitted in its motion for remand, it failed to follow established precedent by failing to pursue the psychological aspect of Koss' disability, obtain the medical records of a treating physician, or analyze Koss' claim of pain under *Polaski.*

The statements filed in the Secretary's memorandum in support of its motion for remand are admissions that its position was not substantially justified before the ALJ, the appeals council, or when the Secretary filed an answer denying any responsibility for benefits to Koss. The Secretary filed the motion for remand on July 31, 1989, adopting the very reasons vigorously articulated by Koss' appointed counsel in her summary judgment motion. It was at this point that the Secretary adopted a position that was "substantially justified."

The district court for the Eastern District of Missouri concluded that the Secre-

tary's failure to follow Eighth Circuit precedent may be the basis for concluding the Secretary's actions were not substantially justified. *Teramoto v. Bowen*, 771 F.Supp. 292, 295 (E.D.Mo.1991); *see also Trundle v. Bowen*, 830 F.2d 807, 810–11 (8th Cir. 1987) (concluding government's position not "substantially justified" based, in part, on ALJ's failure to follow *Polaski* guidelines).[3]

We also look to the language of 28 U.S.C. § 2412(d)(1)(A), which provides that a prevailing party should be awarded fees unless ... "special circumstances make an award unjust." There are no "special circumstances" in this case. On the other hand, the denial of fees to counsel whose efforts brought about the Secretary's change of position is unjust.

For these reasons, the Secretary's position was not substantially justified until the Secretary filed its motion for remand, and the district court abused its discretion in refusing to award attorneys' fees for services rendered by counsel to that point in time. *See Truax*, 842 F.2d at 999 (Heaney, J., dissenting) (approving benefits for legal work *after* date of controlling decision).

Accordingly, we reverse and remand for a determination and award of attorneys' fees consistent with this opinion.

BEAM, Circuit Judge, dissenting.

The court's opinion, in my view, unnecessarily adds to the government's burden in dealing with social security claims in this circuit. Accordingly, I dissent.

## I. BACKGROUND

On behalf of the Social Security Administration, two doctors examined Koss: Dr. Morrow and Dr. Leydig. Dr. Morrow determined that Koss suffered from superficial venous varicosities, a condition which would not prevent gainful employment. Dr. Leydig reported that he could not make a diagnosis of objective disability, but he noted the possibility of a functional over-

---

3. In *Brouwers v. Bowen*, 823 F.2d 273 (8th Cir. 1987), we affirmed the district court's conclusion that the government's position was "substantially justified." *Id.* at 276. The facts of that case are different from those here, as intervening events contributed to the claimant's success on remand. *Id.* at 275.

lay. Dr. Leydig also reported that Koss did not rely on her cane when she walked, a finding which the ALJ interpreted as a suggestion of malingering. Based on this medical evidence, the ALJ concluded that Koss's subjective complaints were not supported by the medical evidence, and that she was not disabled under the Social Security Act. The ALJ therefore denied Koss's application for benefits.

After exhausting her administrative remedies, Koss appealed the ALJ's decision to the district court contending that it was not based on substantial evidence. Counsel was appointed to represent Koss before the district court. On May 31, 1989, Koss filed a motion for summary judgment. In response to this motion, the Secretary requested a remand to permit further development of the record. The district court granted the Secretary's motion. On the basis of additional evidence submitted after remand, the ALJ found that Koss suffered from a psychological impairment, and had been disabled since June 14, 1986. The Secretary therefore awarded benefits.

Koss then filed this action in the district court and requested an award of $8,343.15 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The district court denied her request on the grounds that the United States had acted reasonably, and that the government's actions had been substantially justified. Koss appeals this denial of attorney's fees.

## II. DISCUSSION

Koss is clearly a prevailing party in this action. A disability benefits claimant is a prevailing party if the claimant ultimately obtains the benefits sought on appeal to the district court. *Swedberg v. Bowen*, 804 F.2d 432, 434 (8th Cir.1986). Under the EAJA she is entitled to an award of attorney's fees unless the government's actions were substantially justified. The Supreme Court has interpreted substantially justified to mean:

not justified to a high degree, but rather justified in substance or in the main— that is, justified to a degree that could

satisfy a reasonable person. That is no different from the reasonable basis both in law and fact formulation....

*Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988) (citations omitted). Thus, substantial justification under the EAJA is essentially a reasonableness standard. *See Welter v. Sullivan*, 941 F.2d 674, 676 (8th Cir.1991) (when the Secretary's position is reasonable in denying the claimant's claim for benefits, an award of attorney's fees is not appropriate under EAJA.)

The district court found the Secretary's actions to be substantially justified, and therefore denied Koss's request for attorney's fees. *Koss v. Sullivan*, No. 87–1913C(6), Memorandum and Order, at 3 (E.D.Mo. November 27, 1991). A denial of EAJA fees is reviewed under an abuse of discretion standard. *Pierce*, 487 U.S. at 562–63, 108 S.Ct. at 2548–49; *Truax v. Bowen*, 842 F.2d 995, 997 (8th Cir.1988). While Koss does not specifically assert that the district court abused its discretion, she does suggest that the court created a new standard which "requires that an appellant unequivocally demonstrate the presence of a disability before EAJA fees may be granted." Appellant's Brief at 11. I read this assertion as an abuse of discretion challenge to the decision of the district court.

Koss relies on language in the district court's opinion to support her contention that the district court created a new standard for the award of attorney's fees. The district court stated:

Moreover, at the time of the filing of the government's motion to remand, the record in the case did not unequivocally demonstrate the presence of a disability. Had it done so, the Court would have reversed the ALJ's determination outright. On remand the augmented medical record might have supported the ALJ's initial decision to deny benefits. Therefore the government's position was not unreasonable.

*Koss v. Sullivan*, No. 87–1913C(6), at 3. I do not agree with Koss's contention that this language creates a new standard for

 

the award of attorney's fees under EAJA. Instead, I interpret it to mean that the district court found the Secretary's conduct to be reasonable in light of the evidence in the record.

Koss had the initial burden of establishing the existence of a disability, but the Secretary also has a duty to "develop the record fully and fairly," and that burden extends to exploring relevant avenues of medical evidence. *Boyd v. Sullivan,* 960 F.2d 733, 736 (8th Cir.1992); *Warner v. Heckler,* 722 F.2d 428, 431 (8th Cir.1983). Had Koss raised the issue of a possible psychological impairment, the ALJ would have been unreasonable in deciding the case without fully exploring that possibility. *See Boyd,* 960 F.2d at 736. However, Koss did not raise that issue, or proceed on that basis. The only evidence in the record of a possible psychological disorder was a reference made by a non-specialist.

While I recognize that persons proceeding *pro se* should be accorded leniency, and that the ALJ has an affirmative duty to ensure that the record is complete, I think that a petitioner has some responsibility to make her own case. In the absence of any argument that Koss suffered from a psychological disability, I cannot find that the district court abused its discretion by refusing to require the ALJ to investigate, *sua sponte,* the possibility of such a disorder. To hold otherwise would place a tremendous, and I think unwarranted, burden on the ALJ.[1]

Once Koss raised the issue of whether the ALJ should have developed the record with regard to a psychological impairment, the Secretary did not persist in defending the ALJ's decision. Instead the Secretary requested a remand. Such conduct is entirely reasonable. Therefore the district court was within its discretion in denying attorney's fees under EAJA.

## III. CONCLUSION

For the reasons stated above, I dissent.

---

1. I disagree with the court's conclusion that the government's motion to remand establishes a lack of "substantial justification." The "psychological aspect of Koss's disability" referred to by the court is supported only by a reference to a "functional overlay" by Dr. Leydig an examining physician retained by the government. The government, in its response to Koss's motion for summary judgment, merely noted that the ALJ had not pursued the overlay possibility. Surely the ALJ does not have to "flesh out" every reference to every possible ailment mentioned by every examining physician in order to avoid an award of attorney's fees under the EAJA. The reference by the court to a faulty analysis under *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir.1984) is even more problematic. *Polaski* requires a careful evaluation of a claimant's subjective complaints of pain. Here, the ALJ assumed the validity of claimant's subjective complaints in his disability analysis. Thus, there was no *Polaski* deficiency in this case. In fact, the *Polaski* analysis becomes irrelevant when the subjective complaints are credited by the ALJ.