# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 04-1363

_____

Charles E. Goad,                                              *
                                                             *
       Plaintiff-Appellant,                              *   Appeal from the United States
                                                             *   District Court for the District of
    v.                                                       *   Minnesota.
                                                             *
Jo Anne B. Barnhart, Commissioner                            *
of Social Security,                                          *
                                                             *
       Defendant-Appellee.                               *

_____

Submitted: November 17, 2004
Filed: February 17, 2005

_____

Before MURPHY, HANSEN, and MELLOY, Circuit Judges.

_____

MELLOY, Circuit Judge.

      Plaintiff-Appellant Charles E. Goad appeals the district court's denial of fees and costs under the Equal Access to Justice Act, codified in part at 28 U.S.C. § 2412(d) ("EAJA"). We vacate and remand to the district court for consideration of whether the Commissioner's position regarding the initial denial of benefits was substantially justified.

## I.

Mr. Goad filed a claim for social security disability benefits on March 27, 1996, alleging disability prospectively as of March 29, 1996. Mr. Goad's alleged disability related to various cardiovascular ailments including persistent angina. On November 18, 1997, an administrative law judge ("ALJ") denied Mr. Goad's claim, finding that he was not disabled and that he retained the residual functional capacity to perform available work in the light exertional range. The Appeals Council considered additional evidence, but ultimately denied Mr. Goad's request for further review, making the ALJ's decision the Commissioner's final decision. Mr. Goad appealed to the district court.

On July 28, 2000, Mr. Goad filed a second claim for benefits. In the second claim, he alleged a disability onset date of November 19, 1997. In March 2001, the Commissioner ruled in favor of Mr. Goad on the second claim, finding him disabled as of November 19, 1997.

On September 30, 2001, the district court remanded the first claim to the Commissioner. The district court found that the Commissioner had failed to adequately develop the administrative record. The district court stated that it was troubled by evidence that suggested Mr. Goad suffered from non-exertional angina which "could alter the ALJ's residual functional capacity determination, hypothetical to the vocational expert, and ultimate disability determination." The district court also found the Commissioner should consider certain additional evidence on remand. Mr. Goad did not make the district court aware of the second claim or the grant of benefits on the second claim.

On December 11, 2001, Mr. Goad filed a motion with the district court for attorneys' fees and costs under the EAJA for legal work related to the district court action involving the first claim. On January 23, 2003, a United States Magistrate

Judge issued a report and recommendation in which she found that Mr. Goad was entitled to attorneys' fees under the EAJA. She assessed the merits of the Commissioner's position on the denial of benefits under the first claim and found that position not substantially justified.

The remanded disability claim apparently languished for some time. Ultimately, the Commissioner set an April 9, 2003 hearing to reconsider the remanded claim. The Notice of Hearing stated that the issues to be considered included not only the limited issue of whether Mr. Goad was disabled and entitled to benefits for the period between March 29, 1996 (as alleged in the first claim) and November 19, 1997 (as determined by the Commissioner on the second claim), but also the issue of whether he was entitled to continue receiving benefits at all, i.e., whether he was entitled to continue receiving benefits in accordance with the existing award on his second claim.

On April 2, 2003, Mr. Goad notified the Commissioner that he had decided to drop the first claim and no longer desired the hearing. Shortly thereafter, on April 23, 2003, an ALJ issued an opinion on the remanded and abandoned, first claim, stating that Mr. Goad's election to withdraw the claim implied that "[Mr. Goad] now agrees with the hearing decision of November 18, 1997 . . . that he was not disabled as of that date." The ALJ also stated that the question of whether Mr. Goad became disabled prior to November 19, 1997 was moot, and further administrative proceedings were unnecessary. The ALJ proceeded to adopt the Commissioner's original decision—the November 18, 1997 decision that the district court had rejected—and found that Mr. Goad was not disabled as of March 29, 1996. Mr. Goad neither appealed the ALJ's April 23, 2003 ruling nor notified the district court of the ruling and his withdrawal of the remanded claim.

As of April 23, 2003, the district court had not ruled on the Commissioner's objections to the Magistrate Judge's recommendation to grant EAJA fees to Mr.

Goad. On an ex parte basis, counsel for the Commissioner provided the district court with a copy of the April 23, 2003 ruling and notified the district court that Mr. Goad had withdrawn the remanded claim. Subsequently, on August 14, 2003, the district court rejected the Magistrate Judge's January 23, 2003 Report and Recommendation and ruled that Mr. Goad was not entitled to attorneys' fees. The district court held that, although Mr. Goad was a prevailing party due to the remand order from the initial district court proceedings, the Commissioner was "substantially justified" in her losing position. In explaining this result, the district court provided no comments regarding the merits of the Commissioner's decision, but noted only the facts that Mr. Goad withdrew his initial claim for benefits and failed to appeal the ALJ's April 23, 2003 ruling. The district court stated that these actions by Mr. Goad made "it . . . abundantly clear that 'at least one permissible view of the evidence' shows a reasonable basis in law and fact for the Commissioner's decision to deny benefits." (Internal citation omitted).

Mr. Goad then moved to alter or amend the district court's judgment on the fee issue. Mr. Goad argued that the district court improperly relied on information outside the district court's record—the withdrawal of the claim following remand and the administrative law judge's opinion on remand. He argued further that reliance on such information comprised a due process violation, and that if he had received notice that the district court was going to consider such information, he would have presented affidavits to explain why he dropped the first claim on remand.

The district court refused to amend the judgment. In an order dated February 4, 2004, the district court again stated that when Mr. Goad withdrew his first claim, he conceded the issue of disability regarding the earlier date of March 29, 1996. The district court stated that reliance on information known to Mr. Goad but outside the record was not a due process violation because, "[a] plaintiff who failed to supply the Court with information relevant to the matter pending cannot later be heard to complain of a violation of due process rights when the Court is made aware of such

information. [Mr. Goad's] failure to supply known and relevant information in a timely fashion waives his opportunity to explain that information at a later date."

Mr. Goad appeals to our court. He argues on appeal that the Commissioner was not substantially justified in the initial denial of benefits that led to the initial appeal in the district court. He also argues that the district court should not have relied on his withdrawal of the first claim following remand and the ALJ's subsequent ruling because (1) these matters were not in the record before the district court, (2) they were provided to the court on en ex parte basis, and (3) his decision to withdraw the first claim did not necessarily constitute a concession as to the validity of the Commissioner's position on that claim. Mr. Goad characterizes his decision to drop the first claim as a strategic, risk-benefit decision based on the fact that his benefits under the second claim would have been subject to review, and therefore placed potentially at risk, had he followed through with the April 9, 2003 administrative hearing. Ultimately, Mr. Goad argues that the district court should have considered only the merits of the first claim as reflected in the record that existed at the time of the district court's remand order, September 30, 2001.

II.

We review a district court's decision to deny a fee request under the EAJA for abuse of discretion. Pierce v. Underwood, 487 U.S. 552, 562 (1988); Yarbrough v. Cuomo, 209 F.3d 700, 703 (8th Cir. 2000). Although a social security claimant may be a prevailing party for purposes of the EAJA, a fee award under the EAJA is not available unless the Commissioner lacked substantial justification for her position. 28 U.S.C. § 2412(d)(1)(A). A position enjoys substantial justification if it has a clearly reasonable basis in law and fact. Brouwers v. Bowen, 823 F.2d 273, 275 (8th Cir. 1987). Accordingly, the Commissioner can advance a losing position in the district court and still avoid the imposition of a fee award as long as the Commissioner's position had a reasonable basis in law and fact. Id. Further, a loss

on the merits by the Commissioner does not give rise to a presumption that she lacked substantial justification for her position.  Keasler v. United States, 766 F.2d 1227, 1231 (8th Cir. 1985).  The Commissioner does, however, at all times bear the burden to prove substantial justification.  Id.

During oral arguments in this case, the Commissioner conceded the impropriety of her ex parte communication concerning Mr. Goad's withdrawn claim.  As noted above, withdrawal of the remanded claim may or may not have been related to the merits of the Commissioner's position in the prior litigation.  We believe then, that at a minimum, reliance on the ex parte communication improperly deprived Mr. Goad of the opportunity to explain his reasons for withdrawal.  Also, we note that because it was the Commissioner's burden to prove substantial justification, Mr. Goad was under no duty to supplement the record by notifying the district court of the outcome on remand.  Accordingly, his failure to do so cannot serve as a waiver of his right to rebut evidence presented by the Commissioner.

We reverse the judgment of the district court and remand for consideration of whether the Commissioner proved substantial justification.  We express no opinion as to whether the Commissioner's position in the prior litigation enjoyed a reasonable basis in law and fact.

_____