**Douglas E. SORICH, Plaintiff,**

v.

**Donna E. SHALALA, Secretary of Health and Human Services, Defendant.**

**No. CV89–0–215.**

United States District Court, D. Nebraska.

Oct. 26, 1993.

James P. Cavanaugh, Omaha, NE, for plaintiff.

Daniel Morris, Asst. U.S. Atty., Omaha, NE, Frank V. Smith, III, Chief Counsel, Region VII, Dept. of Health and Human Services, for defendant.

## MEMORANDUM AND ORDER

KOPF, District Judge.

This case is before me to consider Plaintiff's Request for the Entry of Final Judgment and Petition for Attorney's Fees and Costs under the Equal Access to Justice Act (Filing 30). This Request was filed with the Clerk of the United States District Court for the District of Nebraska on September 8, 1993. It is based upon the June 24, 1993, opinion of the United States Supreme Court in *Shalala v. Schaefer*, — U.S. —, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993) (holding, among other things, that judgment reversing the Secretary's denial of benefits and remanding the case for further proceedings was a final decision for a "prevailing party" under the Equal Access to Justice Act (EAJA) which should have been evidenced by a separate judgment entered pursuant to Federal Rule of Civil Procedure 58).

I shall grant Plaintiff's request in part and deny it in part.

## I.

Like many social security cases, this one has a long history. However, for present purposes, I need summarize the history of this case only briefly.

On August 3, 1987, Plaintiff filed an application for supplemental security income (SSI). The claim was denied throughout the administrative process. On March 24, 1989, Plaintiff sought relief in this court. (Filing 1.)

Defendant answered on May 25, 1989, (Filing 4), denying the material allegations of Plaintiff's complaint. The court entered a briefing schedule on September 13, 1989. (Filing 7.) After Plaintiff filed his brief and a motion for summary judgment, and on the day Defendant's brief was due, Defendant moved for remand on December 15, 1989, so that further administrative proceedings could be held. (Filing 12.) The motion made no claim that new material had been located that was not presented to the Secretary for good cause. Plaintiff agreed that the case should be remanded. (Filing 13.) The case was remanded by Judge Strom on January 3, 1990. (Filing 14.) No judgment was entered pursuant to Fed.R.Civ.P. 58.

Thereafter, further administrative proceedings were conducted, but Plaintiff was again denied relief at each administrative level. Accordingly, this case was "reopened" on November 19, 1991. (Filing 18.) An amended complaint was filed, (Filing 19), and Defendant answered. (Filing 22.) Briefs were submitted by both parties. Considering the briefs as cross-motions for summary judgment, the matter was submitted for decision on July 14, 1992.

On October 13, 1992, I filed a Memorandum Opinion and Order finding that the case should be remanded again "for further proceedings consistent with the proper evaluation of pain and residual work capacity." (Filing 29 ¶ 2, slip op. at 28.) I found that the Administrative Law Judge (ALJ) erred in discrediting Plaintiff's testimony regarding subjective pain in that the ALJ only set forth inconsistencies in the record but did not relate them to the five factors enumerated in *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.1984). (Filing 29, slip op. at 26–27.) No judgment was entered pursuant to Fed.R.Civ.P. 58.

As noted earlier, Plaintiff filed his present motion on September 8, 1993. He now seeks the entry of judgment and attorney's fees of $10,174.50 (89.25 hours multiplied by $114.00), as well as expenses of $312.75. (Filing 30.) The parties have briefed the matter, and it is now ripe for decision.

## II.

This case presents the following questions: (1) did the first remand in this case require the entry of judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure; (2) regarding the first remand, was Plaintiff a "prevailing party" under the EAJA who was entitled to attorney's fees, and, if so, in what amount; (3) did the second remand in this case require the entry of judgment pursuant to Rule 58 of the Federal Rules of Civil

Procedure; and (4) regarding the second remand, was Plaintiff a "prevailing party" under the EAJA who was entitled to attorney's fees, and, if so, in what amount.

## A.

Before addressing Plaintiff's claims, it is necessary to have a full understanding of the Court's recent opinion in *Schaefer*, — U.S. —, 113 S.Ct. 2625. *Schaefer* discusses the interplay between final judgments and entitlement to attorney's fees under the EAJA in the context of a social security case.

In *Schaefer*, the Secretary of Health and Human Services rejected a claim for social security disability benefits. District court review was sought. The district court reversed and remanded, but did not enter final judgment. After further administrative proceedings were conducted, an administrative decision favorable to the claimant was obtained.

The claimant proceeded to the district court again and filed his claim for attorney's fees under the EAJA. The Secretary opposed the motion, contending that the claim for attorney's fees was too late because it was not submitted within thirty days of the date the judgment on remand became final. The district court granted the motion for attorney's fees. On appeal, the court of appeals held that a "sentence-four" remand was not a final judgment, and thus the claim for attorney's fees was timely.

It is important to understand the difference between a "sentence-four" remand and a "sentence-six" remand. These references are to sentences under 42 U.S.C. § 405(g). *Schaefer*, — U.S. at — & nn. 1 & 2, 113 S.Ct. at 2629 & nn. 1 & 2.

A sentence-four remand takes place when the district court remands after considering the transcript and concluding that the Secretary erred. A sentence-six remand takes place when the district court remands (1) because the Secretary has moved for remand prior to answer, or (2) because new evidence material to the case is discovered which was not considered and for which there is good

cause for failure to incorporate the evidence into the record of the prior proceeding.

The Supreme Court granted certiorari in *Schaefer*. The Court held that the remand order was a "sentence-four" remand and thus final. *Id.* — U.S. at — — —, 113 S.Ct. at 2628–29. However, the Court also held that since no judgment was entered as required by Rule 58 of the Federal Rules of Civil Procedure, the motion for attorney's fees was timely because the EAJA time limit for seeking fees is measured by the words "final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). *Id.* — U.S. ·at —, 113 S.Ct. at 2632.

In reaching this decision, the Court had occasion to discuss its prior decision in *Sullivan v. Hudson*, 490 U.S. 877, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989). The *Schaefer* majority concluded that the *Hudson* decision, which held that fees incurred during administrative proceedings held pursuant to a remand may be recovered under the EAJA if the claimant is successful, was a hybrid action that does not apply when remand is properly ordered under "sentence four." *Schaefer*, — U.S. at — – —, 113 S.Ct. at 2630–31. The Court also held that when a party obtains a "sentence-four" remand, that party does "prevail" within the meaning of the EAJA. *Id.* — U.S. at — – —, 113 S.Ct. at 2631–32.

For practical purposes, the Court's decision in *Schaefer* means that when a social security claimant attacks a denial of benefits in the district court and wins a reversal and remand for further proceedings under sentence four of 42 U.S.C. § 405(g): (1) the district court's decision is a final decision; (2) such a final decision should be represented by a judgment entered by separate document under Rule 58; (3) the claimant has until thirty days after the time for appeal has ended to submit a claim for attorney's fees pursuant to 28 U.S.C. §§ 2412(d)(1)(B) & (d)(2)(G); and (4) the attorney's fees recoverable when a sentence-four remand is obtained are those fees incurred before the district court, and not those fees incurred subsequent to remand at the administrative level.[1]

---

1. It is not clear to me what the result would be if a sentence-six remand were properly obtained.

### B.

I turn to the first remand.

#### 1.

■ As a threshold matter, I must determine whether the first remand was made pursuant to sentence four or sentence six of 42 U.S.C. § 405(g). I find that the first remand was entered pursuant to sentence four.

For all practical purposes, the order reversed the denial of benefits and remanded the case to the Secretary to reconsider the denial of benefits. Since it was made after Defendant had answered and because there is no assertion made in the motion for remand that new evidence had been discovered which was not presented to the Secretary for good cause, it was not a remand pursuant to sentence six. *Schaefer*, —— U.S. at —— & nn. 1 & 2, 113 S.Ct. at 2629 & nn. 1 & 2.[2]

To the extent that Defendant now argues that the first remand amounted to a voluntary dismissal by Plaintiff, I disagree. Plaintiff consented to remand, not dismissal. Indeed, for all practical purposes, Defendant's first motion for remand was a confession of error because it forced the Secretary to review the denial of benefits again.

Thus, this court should have filed a separate judgment in accordance with Rule 58 of the Federal Rules of Civil Procedure. *Id.* —— U.S. at ——, 113 S.Ct. at 2632. Inasmuch as no separate judgment has been issued, I shall enter the appropriate judgment in accordance with Rule 58.

#### 2.

I turn next to the issue of attorney's fees and expenses regarding the first remand.

"[A] party who wins a sentence-four remand order is a prevailing party" because the practical impact of such an order is to reverse the Secretary's decision to deny benefits. *Id.* As a prevailing party, Plaintiff is entitled to attorney's fees and expenses under the EAJA unless the Secretary can establish that her position was "substantially justified" or because "special circumstances make an award unjust." 28 U.S.C § 2412(d)(1)(A).[3]

Such fees and expenses are, however, limited to those fees and expenses incurred in obtaining " 'judgments entered *by a court of law*' " and do not encompass " 'decisions rendered by an administrative agency.' " *Schaefer*, —— U.S. at ——, 113 S.Ct. at 2628 (quoting *Melkonyan v. Sullivan,* 501 U.S. ——, ——, 111 S.Ct. 2157, 2162, 115 L.Ed.2d 78 (1991) (emphasis in original)). Plaintiff does not contend otherwise.[4]

■ The Secretary has the burden of showing that her position was substantially justified or that some other special circumstance makes an award unjust. *Cornella v. Schweiker,* 728 F.2d 978, 983 (8th Cir.1984). Cf. *Pierce v. Underwood,* 487 U.S. 552, 557–563, 108 S.Ct. 2541, 2545–49, 101 L.Ed.2d 490 (1988). In order for the Secretary to meet her burden, she must show that her position, at both the administrative level and in the district court,[5] was " 'clearly reasonable, well founded in law and fact, solid though not necessarily correct.' " *Brouwers v. Bowen,* 823 F.2d 273, 275 (8th Cir.1987) (ultimately quoting *United States v. 1,378.65 Acres of Land,* 794 F.2d 1313, 1318 (8th Cir.1986) (footnote omitted).

---

Presumably, *Hudson* would be applied in that circumstance, and the social security claimant would be entitled to attorney's fees under the EAJA if he or she prevailed at the administrative proceedings after remand. *Schaefer*, —— U.S. at —— n. 4, 113 S.Ct. at 2631 n. 4 (*"Hudson* remains good law as applied to remands ordered pursuant to sentence six.").

**2.** Defendant admits in her brief that the first remand was not made pursuant to sentence six. (Def.'s Br. at 4.)

**3.** Plaintiff alleges, and there is no contention to the contrary, that the "net worth" exclusions

found in 28 U.S.C. § 2412(d)(2)(B) are not applicable to him.

**4.** With very minor exceptions, the claim for attorney's fees and expenses here does not involve work by counsel before the agency.

**5.** When the EAJA refers to the "position of the United States," it means "in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based...." 28 U.S.C. § 2412(d)(2)(D). *See Commissioner, INS v. Jean,* 496 U.S. 154, 158–60, 110 S.Ct. 2316, 2319–20, 110 L.Ed.2d 134 (1990).

■ The Secretary's brief does not tell me why her position regarding her actions prior to the first remand was substantially justified. Nor does it make a claim of some special circumstance. Accordingly, I find that Defendant has failed in her burden of persuasion inasmuch as she simply has not addressed the issue.

Moreover, I have independently reviewed the matter, and I find and conclude that the Secretary's position was not substantially justified prior to the first remand. Neither can I find any special circumstances that would make an award unjust.

It is obvious that when she sought remand *after* answer, Defendant was conceding that her litigation posture was in error, and so substantially in error that only a remand for further proceedings could cure the error. More specifically, I conclude that Defendant's position, particularly the position taken before the district court, was not substantially justified. I come to this conclusion for the following reasons.

Defendant answered on May 25, 1989. (Filing 4.) In her answer Defendant denied the material claims of Plaintiff and sought dismissal. On September 13, 1989, after the record had been filed, the court ordered the parties to brief the merits of the case. (Filing 7.) Plaintiff was given thirty days to file a brief, and Defendant was given thirty days to respond to Plaintiff's brief. Plaintiff prepared and submitted his brief on the merits, and filed a motion for summary judgment. (Filing 8.)

Despite the fact that she had thirty days in which to respond to Plaintiff's brief, on November 14, 1989, Defendant sought an additional thirty days, (Filing 10), claiming that she was understaffed and further claiming that she had not received Plaintiff's brief until October 24, 1989. The court granted Defendant the extra time, giving her until December 15, 1989, to submit a brief. (Filing 11.) Instead of submitting a brief, how-

ever, Defendant submitted a motion to remand on December 15, 1989. (Filing 12.)

It was clearly Defendant's admitted position that remand was required as evidenced by the motion for remand filed December 15, 1989. Yet, between the filing of the answer in this case on May 25, 1989, and the filing of the motion for remand on December 15, 1989, Defendant maintained that "the findings of fact of the Secretary of Health and Human Services are supported by substantial evidence and are conclusive," thereby warranting a "judgment dismissing the Complaint." (Filing 4 Def.'s Answer at 2–3.)

By filing an answer and assuming the defensive posture asserted in her answer, Defendant unnecessarily caused Plaintiff to prepare a brief on the merits and file a motion for summary judgment. If remand was necessary, there is no reason why Defendant could not have sought remand *before* Plaintiff went to the time and trouble to brief the merits and file a motion for summary judgment. Indeed, sentence six of 42 U.S.C. § 405(g) explicitly contemplates that the Secretary may seek remand *before* an answer is filed. The litigation tactic of deferring a request for remand until *after* answer is not substantially justified and renders Defendant's position as a whole not substantially justified.

■ I must therefore determine what fees and expenses may be awarded to Plaintiff regarding the litigation prior to the first remand. After careful consideration, I find and conclude [6] that the proper award is $4,702.50 for attorney's fees, plus $120.00 for expenses regarding the litigation in this court prior to the first remand.[7] Three observations are appropriate.

First, I have determined that Plaintiff's counsel's claim to have spent 41.25 hours on this case from February 16, 1989, to December 27, 1989, is true, and that the expenditure of such hours was fair, reasonable, and

---

6. In so doing, I have also applied, to the extent not inconsistent with EAJA, the fee-application requirements set forth in the Local Rules of Practice, NELR §§ 54.3 and 83.14, and the factors articulated in *Johnson v. Ga. Highway Express*, 488 F.2d 714, 717–19 (5th Cir.1974).

7. Once again, Defendant does not brief the issue except to argue that the court must independently examine the fee application and to point out that Plaintiff is not entitled to fees or expenses after the first remand and before the 1991 amended complaint. (Def.'s Br. at 10.)

necessary for pursuit of this case in this court. For purposes of the fee award regarding the first remand, I have not allowed the claim for hours expended after the first remand on January 3, 1990.

Second, I have determined that the charge of $114.00 per hour is justified under the EAJA. Normally, an EAJA fee is limited to $75.00 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

In this case, Plaintiff claims that the cost of living has increased since the fee level was first set in 1981, and his claim is supported by evidence showing a substantial cost-of-living increase since the $75.00 figure was first enacted. Defendant does not contest Plaintiff's proof. Because I believe the rate is otherwise reasonable, I have applied the rate sought by Plaintiff. *Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir.1990) (where an EAJA petitioner presents uncontested evidence as to an increase in the cost of living and the rate is otherwise reasonable, enhanced fees should be awarded).[8]

Third, I have awarded Plaintiff as an expense the filing fees of $120.00 which were apparently advanced by his counsel.[9] I have not awarded any other expenses because they are lumped together as copying expenses, and I cannot determine whether such expenses are justified given the way they are presented to me in the application.

### C.

I consider next the second remand.

### 1.

The second remand was clearly made pursuant to sentence four of 42 U.S.C. § 405(g).

Defendant admits the second remand was made pursuant to sentence four. (Def.'s Br. at 3.) Accordingly, I must enter judgment in accordance with Rule 58.

### 2.

■ Once again, the question becomes whether Plaintiff is entitled to attorney's fees and costs. Under *Schaefer*, Plaintiff was clearly a "prevailing party" as a result of the second remand.

As opposed to the first remand, Defendant argues that her position was substantially justified during the second remand phase of this litigation. In essence, Defendant argues that this court erred when it remanded the case, and even if this court did not err, Defendant argues that her position was substantially justified. I disagree.

I remanded this case a second time because the ALJ cited *Polaski* but did not discuss the inconsistencies in the record in relationship to the factors outlined in *Polaski*. (Filing 29, slip op. at 25–28.) Defendant responds by stating that the *Polaski* case and its progeny "do not state that any inconsistency must be related *To* a *Polaski* factor." (Def.'s Br. at 9 (emphasis in the original).)

I believe Defendant's argument misses the mark. It is true, of course, that an inconsistency may exist in the record which is not related to a *Polaski* factor. However, even if an inconsistency is established in the record which is not related to a *Polaski* factor, "[i]t is not enough that inconsistencies may be said to exist, the ALJ must set forth the inconsistencies in the evidence presented and discuss the factors set forth in *Polaski* when making credibility determinations." *Cline v. Sullivan*, 939 F.2d 560, 565 (8th Cir.1991) (reversing ALJ's decision where only one out of four inconsistencies relied upon by the

---

8. The cost-of-living increase was measured from October, 1981, to November, 1992. The fee on the first remand was earned prior to November, 1992. Nevertheless, it is appropriate to use the $114.00 rate for, among others, the reason that the rate takes into account the time value of money and the fact that until *Schaefer* was decided, an application for such fees would have been premature in this circuit. *Brouwers*, 823 F.2d at 275. In any event, a rate of $114.00 in 1989 is fair and reasonable. Moreover, there is no doubt

from the evidence that the cost of living had increased substantially by 1989.

9. This amount could also be taxed as costs. 28 U.S.C. § 2412(a)(1) & (2). Plaintiff is not entitled to double recovery for costs. Plaintiff is directed that when and if costs are taxed, he should be careful to offset any reimbursement of expenses received as a result of this ruling.

ALJ was among the *Polaski* factors, stating that the notice of decision "inadequately explains the inconsistencies relied upon by the ALJ in disbelieving appellant's allegations of pain and does not reveal that appellant's credibility was evaluated according to the factors set forth in *Polaski*").

Without a serious discussion of the *Polaski* factors in relationship to whatever inconsistencies the ALJ may find, a reviewing court is left in the dark as to why the ALJ chose to disbelieve the claimant. If, as in this case, the *Polaski* case is cited but the factors are not seriously discussed in relationship to inconsistencies found by the ALJ, it is impossible for a reviewing court to determine whether: (a) the ALJ concluded that the *Polaski* factors weighed in favor of the claimant, (b) the *Polaski* factors weighed against the claimant, (c) some *Polaski* factors supported the claimant and others did not, or (d) inconsistencies unrelated to the *Polaski* factors were so significant that even if some or all *Polaski* factors weighed in favor of the claimant, the inconsistencies were sufficiently significant to permit the ALJ to disbelieve the claimant. Therefore, in order to comply with the clearly established law of the Eighth Circuit, not only must the inconsistencies be discussed, they must be explicitly considered in relation to the *Polaski* factors. *Cline*, 939 F.2d at 568–69. Unless this explanation is made by the ALJ, a reviewing court cannot be expected to properly do its job.

The law in this circuit was certainly clear in 1991 and 1992 during the second phase of this litigation that the *Polaski* factors must be seriously discussed in relationship to inconsistencies relied upon by the ALJ. When the ALJ failed to explain his views regarding the *Polaski* factors, the ALJ was substantially and clearly in error. Thus, Defendant's position—throughout the administrative process and during the litigation of this case—that the ALJ was correct was not " 'clearly reasonable, well founded in law and fact, solid though not necessarily correct.' " *Brouwers*, 823 F.2d at 275 (ultimately quot-

ing *United States v. 1,378.65 Acres of Land*, 794 F.2d 1313, 1318 (8th Cir.1986).[10]

Therefore, I conclude that Defendant's position during the second phase of this case was not substantially justified. See, e.g., *Blaisdell v. Secretary of Health & Human Servs.*, 623 F.Supp. 973, 976 (D.Me.1985) (granting an application for fees under EAJA where the ALJ erroneously denied benefits by failing to make the findings required to reach a conclusion based on the evidence, and holding that it was unreasonable for the government to defend the decision, regardless of whether the evidence would have otherwise supported a denial of benefits). Moreover, I do not find any special circumstances which render an EAJA award unjust.

■ Accordingly, I must determine what fees and expenses may be awarded to Plaintiff regarding the litigation which took place in this court during the second remand phase. After careful consideration, I find and conclude[11] that $5,272.50 is a proper award for attorney's fees and that Plaintiff is not entitled to an award for expenses. Once again, three observations are appropriate.

First, I have determined that Plaintiff's counsel's claim to have spent 46.25 hours on this case from October 14, 1991, through September 7, 1993, is true, and that the expenditure of such hours was fair, reasonable, and necessary for pursuit of this case in this court. For purposes of the fee award regarding the second remand phase of this case, I have not allowed the claim for hours expended after the first remand on January 3, 1990, and before the commencement of the second remand phase of this litigation in this court. In other words, I have not awarded, and Plaintiff has not claimed, attorney's fees respecting the administrative proceedings.

Second, for the reasons outlined earlier, I have determined that the charge of $114.00 per hour is justified under the EAJA.

Third, I have not awarded expenses because Plaintiff has already achieved recovery of the filing fee, and, as noted earlier, I

---

10. Indeed, this conclusion is supported by the fact that the first "ALJ noted that the plaintiff was generally credible...." (Filing 29, slip op. at 10.)

11. See note 6 supra.

cannot determine whether the remaining copying expenses are justified given the way they are presented to me in the application.

### III.

In summary, I shall enter judgment regarding both the first and second order of remand, and I shall include as part of the appropriate judgment the attorney's fees and expense awards discussed above. However, it is unclear to me whether I should enter one judgment or two.

After careful consideration of the matter, I have decided to enter two judgments. One judgment will evidence the first order of remand and related attorney's fees and expenses, and the other judgment will evidence the second order of remand and related attorney's fees. I have decided to enter two judgments because I think such a procedure most closely reflects what should have happened in this case.

Accordingly,

IT IS ORDERED that:

(1) Plaintiff's Request for the Entry of Final Judgment and Petition for Attorney's Fees and Costs under the Equal Access to Justice Act (Filing 30) is granted as provided herein, and is otherwise denied;

(2) By a separate document, the court shall enter judgment for Plaintiff and against Defendant providing that "pursuant to the Court's Order of January 3, 1990, and the Memorandum and Order filed this date, judgment is entered for Plaintiff and against Defendant reversing the decision of Defendant, remanding this case for further proceedings, and awarding Plaintiff attorney's fees of $4,702.59 and costs of $120.00;"

(3) By a separate document, the court shall enter judgment for Plaintiff and against Defendant providing that "pursuant to the Court's Order of October 13, 1992, and the Memorandum and Order filed this date, judgment is entered for Plaintiff and against Defendant reversing the decision of Defendant, remanding this case for further pro-

ceedings, and awarding Plaintiff attorney's fees of $5,272.50."